(No. 13940.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SHERMAN JENNINGS, Plaintiff in Error.

*Opinion filed June 22, 1921.*

1. CRIMINAL LAW—*defendant must. make specific objection to parol evidence of former conviction.* To preserve for review in the Supreme Court the question whether a former conviction of an infamous crime can be proved by parol evidence the defendant must make a specific objection on the ground that the record should be produced to prove the facts, and a general objection is not sufficient.

2. SAME—*defendant, by failure to object, waives right to have only competent evidence admitted against him.* While the accused has the right to insist that only competent evidence shall be introduced against him he may waive such right, and does so by failing to interpose proper objections in apt time.

3. SAME—*purpose of naming the injured party in a criminal prosecution.* The object in naming the injured party in a criminal prosecution is for the purpose of identification, so that the accused cannot be twice tried for the same offense.

4. SAME—*when indictment and proof do not show variance in name of prosecuting witness.* Where no question is raised on the trial as to the identity of the prosecuting witness and there is no doubt of his identity, it will be presumed that the person named by initials in the indictment as the injured party and the person testifying under his christian name as complaining witness are one and the same person.

5. SAME—*what is not a material variance as to kind of building burglarized.* The fact that an indictment charges the burglary of a storehouse while some of the witnesses testify that the building was a butcher shop or meat market does not constitute a material variance, where the record shows that other witnesses described the building as a storehouse or store building.

6. SAME—*what is a material variance.* A variance, to vitiate a trial, must be material, and it must be such as may mislead the defendant in making his defense or expose him to second jeopardy.

7. SAME—*when knife found on defendant is admissible to prove burglary.* Where an indictment consists of two counts, one charging burglary and another burglary and larceny, a paper knife found on the defendant is admissible to prove the charge of burglary where it is proved that the same knife was in the building just be-

fore it was burglarized, even though the indictment charges that a pocket knife was stolen.

8. SAME—*mistake in indorsing name of juror will not vitiate verdict.* The mistake of the clerk in indorsing the name "Frank Winter" on the back of the verdict instead of "Frank Newton," whom the record shows to have been a member of the jury which tried the cause and returned the verdict, is not ground for an objection that the jury returning the verdict was not the jury empaneled to try the cause.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

CHARLES T. FLOTA, and FOWLER & RUMSEY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, and CHARLES H. THOMPSON, State's Attorney, for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Saline county of burglary under an indictment consisting of two counts, one charging burglary and the other charging burglary and larceny. The building alleged to have been broken into was a storehouse, which the indictment charges belonged to Z. T. S. Leitch, in the city of Harrisburg, Illinois, and situated about 150 feet southeast of the railway depot in said city. The building was used for the purpose of conducting a meat store or shop in one end and a coal office in the other. The evidence shows that on the night of March 26, 1920, a person identified as the plaintiff in error was seen near said store immediately after an alarm was given in a nearby restaurant that the store was being robbed. One witness testified that he saw plaintiff in error at the door shown to have been broken open; that plaintiff in error walked from the building to the platform of the railway depot, where he was arrested by the

complaining witness, Leitch. The east door of the store had been broken open and the drawer of the desk of Leitch had been opened and papers scattered over the floor. The plaintiff in error was taken to the county jail. Upon searching him the sheriff found in one of his pockets a paper knife identified by Leitch as being his property, he testifying that it was in the drawer of the desk in the building in question on the evening of the date of the burglary. The knife was positively identified. The evidence showed it was made by Dr. Swan from a hacksaw blade and strips of walnut and had been given to Leitch some years prior to the date of the burglary.

Plaintiff in error's defense was an alibi, he and others testifying that at the time of the burglary he was at the home of Essie Farmer in this immediate neighborhood and that he did not go into or near this building. The question as to the guilt of the defendant was one for the jury, and on a review of the record we are satisfied that they were justified in finding him guilty, and that this conviction should be sustained unless there be in the record such error as requires its reversal.

Plaintiff in error contends the court erred in admitting parol evidence of his former conviction and sentence to the penitentiary. It is well settled that the judgment and sentence of a court on a former conviction of an infamous crime cannot be proved by parol evidence, and had this objection been urged at the time the testimony was offered, the court, doubtless, would have refused to admit it; but plaintiff in error's objection to the parol evidence was general and not upon the ground that the record should be produced to prove the facts, and not having raised the specific objection he must be held to have waived it. In *O'Donnell v. People*, 224 Ill. 218, the rule is laid down that while the accused has the right to insist that only competent evidence shall be introduced against him, yet he may waive such right, and does do so by failure to interpose in apt

time proper objections. In *Simons* v. *People,* 150 Ill. 66, where a former conviction was sought to be shown by parol evidence and only a general objection was offered to such evidence, this court said: "It is clear that the prosecution had no right to prove by parol that the defendant was convicted of an infamous offense, but the evidence was not objected to on the ground that the fact could not be proved by parol. It was not suggested to the court that the fact of conviction could only be proved by an authenticated copy of the record. Had the objection been made on this ground, doubtless the court would have excluded the evidence. The general objection made by the defendant was not sufficient." Counsel for plaintiff in error having entered but a general objection cannot complain here that this evidence was admitted. In addition, the record shows that certain record evidence was introduced to show this conviction, and while it was not complete its admission was proper. No motion was later made to strike the evidence on the ground it was not complete. Plaintiff in error not having raised the proper objection to this testimony cannot gain benefit of such error here.

It is also urged that there was a variance between the allegation of the indictment and the proof as to the name of the owner of the building in question. The indictment alleged the building to be the property of Z. T. S. Leitch. The party who appeared as complaining witness in the case gave his name as Zack Leitch. No question was raised on the trial as to the identity of the complaining witness. He testified under the name of Zack Leitch. His name appeared upon the indictment and in the list of witnesses as Z. T. S. Leitch. The object in naming the injured person in a criminal prosecution is for the purpose of identification and so that the accused cannot be twice tried for the same offense. (*Little* v. *People,* 157 Ill. 153.) The record in this case shows not only from the People's evidence but from the questions of counsel for plaintiff in error and

the answers of plaintiff in error that Z. T. S. Leitch and Zack Leitch are one and the same person. Where, as here, no question is raised on the trial as to the identity of the prosecuting witness and there can be no reasonable doubt as to his identity, it will be presumed that the person named by initials in the indictment and the person testifying under his christian name as complaining witness are one and the same person. (*Little* v. *People, supra; People* v. *Reilly,* 257 Ill. 538.) There was no question raised on the trial concerning the use of the initials rather than the christian name of the complaining witness. Moreover, in different instructions asked by plaintiff in error and given by the court the complaining witness is referred to as Z. T. S. Leitch. Under this condition of the record we are of the opinion that no question can be raised of a variance between the proof and the name found in the indictment, and the cases cited by plaintiff in error as laying down the rule are not in point.

It is also urged that there is a variance between the allegations of the indictment and the proof in that the indictment alleged that a storehouse had been broken into while the proof showed that the building was a butcher shop or meat market. The record shows that the building was described in the testimony of witnesses as a "storehouse," a "meat shop," a "butcher shop," a "building," and a "store building." This is not a material variance. A variance, to vitiate a trial, must be material. It must be such as may mislead the defendant in making his defense or expose him to second jeopardy. *Clark* v. *People,* 224 Ill. 554.

It is also contended that there is a variance between the allegations of the indictment and the proof concerning the knife alleged to have been stolen, it being charged in the indictment that plaintiff in error had stolen a pocket knife while the proof showed the knife found on his person and identified by the complaining witness was a paper

knife. In view of the fact that plaintiff in error was found guilty on the count alleging burglary, only, such variance is not material, as plaintiff in error was not found guilty of larceny. The knife found in his possession, however, was competent evidence as tending to sustain the charge of burglary, it being shown by the evidence that the knife was in the store on the evening of the date of the burglary.

It is also objected that the jury returning the verdict was not the jury empaneled to try the cause; that the record shows that Frank Newton was empaneled as one of the jurors to try the cause but that the verdict was signed by Frank Winter. This contention appears to have arisen from a misapprehension on the part of counsel for plaintiff in error as to what the record shows. It appears that the name "Frank Winter" was written on the back of the verdict by the clerk, who erroneously mistook the name "Frank Newton" to be "Frank Winter." The record shows that Frank Newton was a member of the jury which tried the cause and which returned the verdict.

Counsel also contend that the court erred in receiving the verdict in this cause in the absence of one of the jurors. The record recites that the twelve jurors were present.

Numerous other objections are made, which are, however, of a general character, but upon examination of the record we find no reversible error concerning them.

Complaint is made of certain instructions, but upon reading the same we are satisfied that the jury were fairly and fully instructed.

There being no reversible error in the record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*