(No. 28643.— <span style="background:black"></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES KEENE, Plaintiff in Error.

*Opinion filed September 19, 1945—Rehearing denied Nov. 19, 1945.*

JAMES KEENE, *pro se.*

GEORGE F. BARRETT, Attorney General, and CLIFFORD N. COOLIDGE, State's Attorney, of Bloomington, for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This is a writ of error sued out of this court to review a judgment of the circuit court of McLean county. Plaintiff in error appears *pro se.* On July 9, 1938, he entered a plea of guilty to an indictment charging him with the

crime of burglary. He was sentenced on his plea for an indeterminate term, as provided by law, and he now brings, his cause here on writ of error.

The alleged errors are: (1) that the court erred in adjudging plaintiff in error guilty of the crime of burglary for the reason that neither count of the indictment is sufficient to charge the crime of burglary; that the two counts of the indictment are sufficient only to charge the crime of grand larceny; (2) that the court erred in not hearing testimony necessary to enable the trial court to accurately determine and decide the issues before it; (3) that the court erred in adjudging plaintiff in error guilty of the crime of burglary instead of adjudging him guilty of the crime of grand larceny.

The indictment in this case consists of two counts, each of which charged both burglary and larceny and alleged the value of the property taken. The two counts differed only in that one charged a forcible breaking and entering while the other charged a breaking and entering without force. The indictment further charged plaintiff in error with a former conviction but this is not in any way considered as the State's Attorney elected not to prosecute on the habitual criminal charge. Plaintiff in error entered a plea of guilty and the judgment of the court recites: "And now comes said defendant, James Keene, alias Charles W. Wagener, and says he cannot deny but that he is guilty in manner and form as in said indictment against him charged as to the crime of burglary, and after being duly admonished by the court as to the consequences thereof, persists in so doing and of this he puts himself upon the mercy of the court herein."

Plaintiff in error admits that the language in each count is sufficient to charge him with burglary but contends that as each count is further joined with the allegations that he then and there unlawfully, feloniously and

burglariously, did steal, take and carry away $1100, good and lawful money, of the value of $1100, naming the party from whom the money was taken, that such additional allegations brought the indictment under the grand larceny statute and that the sum of money so alleged brings this allegation under the penalty provided for grand larceny. Plaintiff in error makes the specific charge that neither count of the indictment is sufficient to charge the plaintiff in error with the crime of burglary and that the indictment is sufficient only to charge the crime of grand larceny. With this we cannot agree. To hold the indictment defective would announce a rule that the crimes of burglary and larceny, arising out of a single transaction, cannot be charged in a single count. This would be contrary to the previous holdings of this court. We have repeatedly held that counts for burglary and larceny may be joined in the same indictment and that these two offenses may be joined in the same count. *People* v. *Goodwin,* 263 Ill. 99; *Lyons* v. *People,* 68 Ill. 271; *Herman* v. *People,* 131 Ill. 594; *Love* v. *People,* 160 Ill. 501.

In the case of *People* v. *Rusk,* 348 Ill. 218, this court, quoting from the case of *Burke* v. *People,* 148 Ill. 70, said: "an indictment may be so drawn as to charge sufficiently both robbery and larceny in a single count, under which a defendant may be convicted of either offense, according as it may be shown by the evidence; and description and value may be alleged and shown, which would be necessary in a charge of larceny but would be immaterial in a charge of robbery and could be rejected as surplusage on that charge. In *People* v. *Boer,* 262 Ill. 152, the court quoted the statement from Russell on Crimes, (vol. 3, 6th ed. 430,) that 'on a charge of robbery, where the property was not taken from the person by violence or by putting in fear, the prisoner may be found guilty of the simple larceny, only.'"

Each count of the indictment properly charged the crime of burglary as well as larceny and the inclusion of the allegation charging the value of the property taken did not affect the, validity of the burglary portion of each count. The inclusion of the value of the property taken in a count of an indictment charging both burglary and larceny does not limit the charge to larceny and eliminate the charge of burglary. An indictment may be so drawn as to charge in one and the same count the offense of robbery and also the offense of larceny, and the defendant may be convicted of either offense, according as it may be shown by the evidence, and a description and value may be alleged and shown which would be necessary in a charge of larceny but would be immaterial on a charge of robbery and could be rejected as surplusage on that charge. *People* v. *Rusk,* 348 Ill. 218; *Burke* v. *People,* 148 Ill. 70.

Plaintiff in error relies upon the case of *People* v. *Madden,* 384 Ill. 313, in support of his contention that the inclusion of the value of the property taken in a count charging burglary and larceny eliminates the charge of burglary and limits the scope of the count to one charging only grand larceny. We do not think plaintiff in error's contention is supported by the *Madden case.* It is true in that case the indictment contained counts charging both burglary and grand larceny and the value of the property taken was recited therein. However, in the *Madden case* the defendant pleaded not guilty, waived a trial by a jury and was found guilty of grand larceny of property having a value of $387. Such finding, of course, properly supported the charge of grand larceny. In the instant case plaintiff in error entered a plea of guilty to burglary which was properly charged in the indictment.

Plaintiff's in error's contention that the allegation of value in the indictment limits the charge to one of grand larceny is not aided by the case of *People* v. *French,* 387

Ill. 16, in which it was held that a count charging the larceny of a motor vehicle and alleging the value of the vehicle stolen charged only grand larceny and would not support a conviction of a separate and distinct crime of larceny of a motor vehicle. In the *French case* the crime charged by the indictment was grand larceny and a plea of guilty was entered to the charge in the indictment, therefore defendant should have been sentenced for the crime of which he was charged in the indictment and to which he pleaded guilty. The instant case is not comparable to the *French case* for the reason that here the indictment properly charged both burglary and larceny and the record shows plaintiff in error entered a plea of guilty in manner and form as in said indictment against him charged as to the crime of burglary. He therefore entered a plea of guilty to the crime of burglary which was the charge in the indictment and after being duly admonished, as shown by the record, as to the consequences of his plea, sentence was properly pronounced against him.

As we have heretofore pointed out, the crimes of burglary and larceny were both properly set out in one count of the indictment and were properly before the court. The court accepted plaintiff in error's plea of guilty to burglary and the record so recites. We do not find any contradiction and, under such circumstances, all reasonable intendments not contradicted by the record are in favor of the validity of the judgment. *People* v. *Hughes*, 386 Ill. 414.

It is apparent from the record that plaintiff in error was properly sentenced under his plea of guilty to the crime of burglary as charged in the indictment, and the judgment is therefore affirmed.

*Judgment affirmed.*