(No. 35947.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES THOMAS, Plaintiff in Error.

*Opinion filed November 28, 1960.*

MARTIN G. REIFFIN and STUART T. EDELSTEIN, both of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel;) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

On writ of error this case reaches us to review a conviction of defendant in the criminal court of Cook County, where he was found guilty of burglary on a bench trial and given an indeterminate sentence of seven to ten years in the Illinois State Penitentiary. In addition to proceeding here on a writ of error from the original judgment of conviction, defendant has petitioned for a writ of error to review a judgment of the trial court denying a post-conviction petition. The writ of error and the petition under the Post-Conviction Hearing Act have been consolidated for disposition.

Defendant in this case is known as James Thomas. He began his life of crime when just a boy of 17 as Eddie Parks, in 1937 it was Eddie Campbell, again in 1941 it was Eddie Campbell. In June 1942 it was Eddie Stewart, in May 1942 he was given three to fifteen years in the penitentiary at Jackson, Michigan, on a burglary charge; and again on July 8, 1947, a five-year-to-life sentence on a burglary charge as Eddie Stewart. The proof that defendant had spent the major portion of his life in penal institutions appeared on the hearing on mitigation and aggravation of penalty.

Defendant was charged with the burglary of a tavern and store designated as "Tuxedo Liquors" and taking $287 in currency. The defendant alleges that the proof adduced at the trial was insufficient to justify a finding of guilty; that the State's Attorney was unfair in his argument to the court; and that there was a fatal variance between the indictment and the proof as to the identity of the building which was burglarized. In the post-conviction petition, defendant alleges that his appointed counsel was incompetent. Defendant also contends that the trial judge at the post-conviction hearing erred in refusing to read the record of the evidence at the original trial.

Briefly summarized these are the facts: At about 3:20

A.M. on May 26, 1956, a burglary alarm was set off in a cocktail lounge located at 133 East 39th Street in the city of Chicago. James McGarvey, a special policeman for the ADT Burglary Alarm Company, and police officers Henry Clisby and Wesley Barnes responded to the call. McGarvey and Clisby remained in front of the tavern and Barnes went around to the rear. Two shots were fired from the rear, and when McGarvey and Clisby ran back to investigate, they found officer Barnes with defendant under arrest and wounded, his right arm having been struck by one of the bullets fired by officer Barnes. On the day of the trial officer Barnes was ill and the prosecution obtained permission from the court that they proceed with the trial and if his testimony seemed essential, he could be called later. A search of defendant produced $25.17, of which about $6 was in silver. The owner of the cocktail lounge checked his cash register and found that about $276 was missing.

In addition to the money, there was found on the defendant a chisel, the width of which was identical with the marks on the woodwork where entrance to the building was accomplished. The chisel marks also reflected the same peculiarities found on the chisel. The defendant said no one else was in the building with him. The defendant alone testified in defense and his explanation of his presence at the scene is not impressive, nor was the trial court convinced of its validity. It seems that Thomas was employed in a nearby barber shop and that a friend of his awakened him at his house at 3 A.M. and reported that the shop had been burglarized. Defendant said that he was in the process of investigating this report when he was shot in the arm and arrested. We are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

The indictment charged the burglary of "a certain building to-wit: a tavern and store of Victor Freemont, Joseph

Tremon and John Guinta, co-partners doing business as Tuxedo Liquors." The three who composed the copartner-ship owned two businesses which were housed in separate buildings—although adjoining. One was "Tuxedo Liquors Mart" located at 3900 South Indiana; that other one in-volved here was the "Tuxedo Lounge" located at 133 East 39th Street. The indictment describes the business as "Tux-edo Liquors" instead of "Tuxedo Lounge." This court has recently held that such a variance is not fatal. (*People* v. *Allen,* 17 Ill.2d 55; *People* v. *Nelson,* 17 Ill.2d 509.) The defendant was not misled by the description nor is there any danger that a second prosecution would lie.

Defendant urges that the prosecutor was guilty of prejudicial conduct by stating, in the presence of the jury, that defendant was apprehended with $25.17 in change, whereas he in fact had only about $6 in silver and the balance in bills. The first of these remarks occurred when the money was introduced in evidence and the second was in final argument. In view of the convincing evidence of defend-ant's guilt, we are of the opinion that these two erroneous statements as to the amount of money found in defendant's possession do not constitute reversible error.

The above discussion disposes of the contentions of the defendant on the writ of error from the judgment of con-viction. We turn now to a consideration of the petition for a writ of error under the Post-Conviction Hearing Act. The only issue involved in that petition is whether defend-ant's appointed counsel was incompetent. We do not believe it is necessary to recite all of the evidence which was heard on this question. The record shows that the defendant's attorney discussed the case with defendant prior to trial, issued subpoenas for witnesses, reviewed the public defend-er's file before trial and was familiar with the case at the time of the trial. The burden of proof at the post-conviction hearing was on the defendant to establish his charge of

incompetency. We are of the opinion that the trial judge at the post-conviction hearing properly ruled that defendant had failed to prove his allegation.

The record supports defendant's charge that the trial judge at the post-conviction hearing did not read the transcript of the evidence at the original trial. However, defendant's guilt or innocence was not in issue on that hearing and, although it would have been proper for the judge to refer to the evidence at the original trial, he was not required to do so, and his failure to read the evidence did not constitute prejudicial error.

In his petition for a writ of error under the Post-Conviction Hearing Act, defendant also makes a point of the fact that the testimony of certain witnesses was different at the post-conviction hearing and at the original trial. These differences were minor and were such that they can easily be explained by the lapse of time between the trial and the post-conviction hearing.

The judgment of conviction is affirmed and the petition for a writ of error under the Post-Conviction Hearing Act is denied.

*Judgment affirmed; writ of error denied.*