(No. 35801.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM FIGGERS, Plaintiff in Error.

*Opinion filed January 23, 1962.*

MITCHELL H. CAPLAN, of Chicago, (LAWRENCE G. FRETZIN, and MORTON ROSENGARDEN, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GAL-

518

LAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, William Figgers, was convicted of the crime of burglary after a bench trial in the criminal court of Cook County and sentenced to the penitentiary for a term of four to twelve years. He prosecutes this writ of error for review.

The indictment returned in the case charged defendant with breaking and entering the "factory-office" of the Western Medical Corporation with intent to steal its property, and further alleged that he had then and there stolen $3 in cash and $8 in stamps, the property of said Western Medical Corporation. Evidence adduced at the trial established that Western Medical owned and occupied the building entered, but showed also that the building was in part occupied by Xttrium Corporation, a tenant of Western Medical, and that the stamps and money referred to in the indictment were the property of Xttrium. Further proof, however, disclosed that Xttrium was a subsidiary of Western Medical, that the physical offices of the two corporations were on the same floor and only partially separated by a partition, that defendant was observed by a Western Medical watchman as he rifled some twenty lockers on the common office floor, and that he was apprehended by police on still another floor of the Western Medical building.

Based upon the state of the record, defendant, who argues as if he had been convicted of larceny, as well as burglary, contends (1) that there is a fatal variance between the proof and allegations of the indictment as to the ownership of the property stolen; and (2) that the prosecution failed to prove an intent to steal from Western Medical as alleged in the indictment.

It is well settled that a variance, to vitiate a trial, must be material and be of such character as may mislead the accused in making his defense or expose him to double

jeopardy. (*Clark* v. *People,* 224 Ill. 554; *People* v. *Jennings,* 298 Ill. 286; *People* v. *Thomas,* 20 Ill.2d 603.) Also of importance here is the general rule that immaterial matters, or matters which may be omitted from an indictment without rendering it insufficient or doing damage to the material averments, may be regarded as surplusage. (*People* v. *Osborne,* 278 Ill. 104; *People* v. *Moore,* 368 Ill. 455.) Accordingly, where an indictment charges all of the elements essential to an offense under a statute, other matters unnecessarily added may be rejected as surplusage. (*People* v. *Rogers,* 303 Ill. 578; *People* v. *Keene,* 391 Ill. 305.) When these principles are applied here, particularly in light of the circumstance that defendant was found guilty only of burglary, it is our opinion there was not the material and fatal variance for which defendant is contending.

Burglary consists of entering, with or without force, any dwelling, or other building with intent to commit a felony or larceny. (Ill. Rev. Stat. 1959, chap. 38, par. 84; *People* v. *Maffioli,* 406 Ill. 315; 6 I.L.P., Burglary, sec. 2.) The crime is complete upon the breaking and entering with intent to steal, and it is not essential to allege or prove that anything was taken. (*People* v. *Iannacco,* 11 Ill.2d 55; *People* v. *Hoffman,* 381 Ill. 460.) Consistent with this view, we have held that alleging the value of property taken in a count charging both larceny and burglary does not limit the charge to larceny and eliminate the charge of burglary, but that a defendant may be convicted of either offense. (*People* v. *Keene,* 391 Ill. 305, 308.) In the instant case, therefore, the allegations that property of Western Medical was stolen were not material to the charge of burglary and may be treated as surplusage. Furthermore, as was true in *People* v. *Jennings,* 298 Ill. 286, 290-291, the variance between the proof and the allegations concerning the articles taken could not be material or fatal, since defendant was found guilty only of burglary and not of larceny.

The further contention of defendant that the prosecution failed to prove an intent to steal the property of Western Medical finds its answer in the recent case of *People* v. *Johnson,* 20 Ill.2d 336. The evidence here, as in the cited case, shows that defendant intended to steal anything of value he could find in the building and common office, and that he was not concerned with the niceties of legal title as between Western Medical and Xttrium.

For his final contention defendant urges that the trial court committed reversible error in refusing to permit defense counsel to examine a police report which, it is said, may have bearing on a defense of intoxication. (See: *People* v. *Moses,* 11 Ill.2d 84; *People* v. *Wolff,* 19 Ill.2d 318.) This contention finds no support in the record. There is a complete absence of any showing that such permission was ever asked or refused, and neither is there any other ruling that would present the issue for review. Apart from this, it is difficult to see wherein defendant was prejudiced. When subsequently appearing as a witness he stated categorically that he was not drunk, that he had his faculties about him, and that he was never in the Western Medical building or in the neighborhood, but that he had been arrested in the hallway of an apartment building where a woman friend resided.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*