(No. 37573.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GIOVANNI DENNIS, Plaintiff in Error.

*Opinion filed September 27, 1963.*

CHARLES E. SPROGER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JOHN J. O'TOOLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

After a bench trial in the criminal court of Cook County, the defendant, Giovanni Dennis. was convicted of the crime

of burglary and sentenced to the penitentiary for a term of not less than three nor more than ten years. On this writ of error, he contends that he was not proved guilty beyond a reasonable doubt.

Mathias Thies and his brother Anthony lived in separate apartments in the same building on Diversey Boulevard in Chicago. On the afternoon of August 24, 1961, Mathias and his wife Helen were returning home when they noticed that the rear window and door to Anthony's apartment were open. Mathias entered the apartment and confronted a man emerging from a bedroom some twelve to fifteen feet away. The burglar escaped through the back door and rushed past Helen Thies in his flight. She testified that he was carrying a white object as he fled. Several minutes later, the police found the defendant in a tavern a block and a half away. The bartender in the tavern testified that the defendant had entered the tavern carrying something in his hand, sat down on the first stool at the bar and ordered a beer. He also testified that the defendant was "sweating a little bit" and "puffing."

When a police car stopped in front of the tavern, the defendant walked to the washroom. A police officer entered the tavern, talked with the bartender and ordered defendant to come out of the washroom. The officer and the defendant then returned to the Thies apartment where Mathias and Helen Thies positively identified the defendant as the man they had seen in the apartment. Two transistor radios, one white and the other "bluish-green," were later found behind a radiator in the tavern about a foot from where defendant had been sitting. They belonged to members of the Anthony Thies family.

Defendant first contends that "the State has failed to prove beyond a reasonable doubt the commission of the crime by the accused and by no one else." He points out that Mathias Thies sometimes wore bifocals but was not wearing them the afternoon of the alleged burglary and that he "was

looking into a room of questionable illumination." There was testimony, however, that Mathias Thies wore glasses only when reading and that on the afternoon in question "it was light" in the apartment. Defendant also points out that Mathias Thies testified that the defendant had a white shirt and light brown pants and that Helen Thies testified that the defendant wore a sport shirt and dark pants. But Mathias Thies later corrected his description, and testified that the defendant was wearing "dark pants."

Both Mathias and Helen Thies testified that the defendant had a mustache when the offense was committed. At the trial, the defendant appeared without a mustache and testified that he had never had one. On cross-examination, however, he was confronted with a picture of himself with a mustache, and he then admitted that he was wearing one on the date of the burglary. Both Mathias and Helen Thies had an opportunity to observe him and their testimony was unshaken. His identity was proved beyond a reasonable doubt.

The defendant next contends that the "State failed to prove exclusive possession of the stolen property by the accused." Helen Thies testified that the defendant was carrying a white object when he fled the scene of the crime. The bartender testified that when the defendant entered the tavern, "he had something in his hand." Two transistor radios belonging to members of the Anthony Thies family were found in the tavern approximately one foot from where defendant was sitting. One of the radios was white. The natural inference to be drawn from this testimony was that defendant carried the radios into the tavern. A further answer to defendant's contention is that the State was not obliged to prove that anything was taken to sustain the conviction. *People* v. *Figgers*, 23 Ill.2d 516, 519.

Finally, the defendant contends that Mathias and Helen Thies "were at variance in fixing the time of the alleged burglary." There was a variance of approximately two

hours in their testimony as to when the crime occurred. While such a discrepancy might be serious in some cases, it is undisputed that only "fifteen or twenty" minutes elapsed from the commission of the crime until the police officer and the defendant returned to the apartment. The trial court saw the witnesses, heard their testimony, and found that defendant was proved guilty beyond a reasonable doubt. We are of the opinion that this finding was correct. *People v. Evans*, 23 Ill.2d 302, 305.

The indictment under which defendant was prosecuted stated the defendant's name to be Dennis Giovanni. Prior to his trial, however, defendant stated that his name was Giovanni Dennis and his attorney waived any error in the indictment. The caption of this cause is therefore corrected to read *People v. Giovanni Dennis*.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*