(No. 38678.—

The People of the State of Illinois, Defendant in Error, vs. Robert Heise, Plaintiff in Error.

*Opinion filed September 23, 1966.*

THOMAS M. SANTORA, of Chicago, appointed by the court, (SIDNEY Z. KARASIK, of counsel;) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and STUART P. SHAPIRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

At a bench trial in the criminal court of Cook County the defendant, Robert Heise, was found guilty of burglary, and sentenced to a term of imprisonment of not less than 40 nor more than 60 years.

Defendant contends that his constitutional rights were violated in that his written confession that he broke into a building was inadmissible and should have been suppressed under the doctrine of *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977. He also contends that the evidence apart from the confession is unsatisfactory to prove his guilt beyond a reasonable doubt and the conviction should be reversed because the *corpus delicti* cannot be proved by the confession alone. A further claim is made that the sentence is excessive.

In relying upon *Escobedo* defendant contends that his confession was inadmissible because he was not warned of his right to counsel or to remain silent. He concedes that he did not request counsel and no attorney was prevented from seeing him. The trial and sentencing herein took place in 1958. In the recent case of *People* v. *McGuire,* May Term 1966, Docket No. 39531, this court considered the effect of *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, and *Johnson* v. *New Jersey,* 384 U.S. 436, 16 L. Ed. 2d

882, upon the *Escobedo* case. The standards laid down in *Miranda* apply only where the trial had not begun prior to June 13, 1966, and the standards of *Escobedo* are available only where trial began after June 22, 1964. As stated in the *McGuire* case, *Escobedo* applies only to the situation where the suspect has requested and been denied an opportunity to consult with his lawyer and has not effectively been warned of his right to remain silent. Since defendant conceded that he did not request counsel, the *Escobedo* doctrine would not apply to him. It is true that the standards established in *Miranda* were not met here, but those standards are not retroactive. As this trial was commenced in 1958, we hold that under the standards then applicable the defendant was not denied any constitutional rights involving the right to counsel and to remain silent.

The defendant claims his confession was involuntary because of physical coercion. On a motion to suppress defendant testified that when he was arrested he was handcuffed to the police car bumper in a kneeling position, beaten, threatened with further beatings en route to the police station, and at the station was ordered to place his initials on "incriminating" burglar tools. The arrest was made at 3:30 A.M. June 20, 1957, and he confessed approximately two hours later. The police officers denied that the defendant was at any time beaten or threatened, but stated he was handcuffed to the bumper of the squad car for about ten minutes while the officers entered the premises involved to see if defendant had an accomplice. In accordance with the rule stated in *Davis* v. *North Carolina,* 384 U.S. 905, 16 L. Ed. 2d 895, we have considered the absence of an attorney and the failure to advise defendant of his right to remain silent as significant factors in determining the voluntariness of his confession along with the other factors which we have heretofore considered in determining whether or not a confession was voluntary. (*People* v. *McGuire, supra,* p. 219.) Having examined all the testimony

presented we conclude that the trial judge properly ruled against the defendant on the motion to suppress and in admitting the confession into evidence as voluntary.

In considering defendant's contention that he was not proved guilty beyond a reasonable doubt and that the *corpus delicti* cannot be proved by the confession alone, it is necessary to set forth the essential facts leading up to and including the arrest of defendant. The testimony reveals that officers Raymond and Piscionese received an assignment at 3:30 A.M., June 20, 1957, to go to a building occupied by the Community Sales Corporation at 1650 West Chicago Avenue, Chicago. When they turned into an alley at the rear of the property, they both noticed a figure on the roof. Officer Piscionese left the squad car, ran up the stairs to the roof, and saw a figure jump from the roof and run through a narrow passageway leading to Chicago Avenue that was blocked by a four-foot fence. Officer Piscionese directed his flashlight on the figure and commanded him to halt. At this point, the defendant turned around, put his hands in the air and said, "You have got me." Defendant was then arrested and handcuffed to the bumper of the police car. Officer Raymond searched the passageway and found a Luger gun with clip and cartridges. Another clip and a flashlight with black tape over its face were found in defendant's possession. Both officers went to the roof, found a screwdriver and black holster, and discovered that a hole had been made through a stairway enclosure from the roof to the property involved. The manager of the Community store stated that this hole was not present when he left the store at 6:00 P.M. that evening. The defendant, in his confession, admitted pounding a hole through the wall and entering the store and also admitted that the burglary tools and other items found at the scene were his property. The defendant testified at the hearing on the motion to suppress but not at the trial.

Defendant claims that the hole in the wall could have been innocently made by someone else and that there is no

evidence, independent of the confession, linking the defendant to the crime except that he was apprehended in the alley some distance from the building. He points out that the arresting officers could not identify the defendant as the figure they saw on the roof or the person who jumped off the roof.

As the offense occured at night it is apparent that, under the circumstances here, the police would not recognize the figure on the roof as the defendant and would momentarily lose sight of the figure immediately after he jumped off the roof. Very soon thereafter the defendant was caught in the light of officer Piscionese's flashlight.

The *corpus delicti* was not proved by the confession alone as contended, and we believe the defendant was proved guilty of burglary beyond a reasonable doubt regardless of the confession, as the element of entry and the manner thereof may be inferred from the facts in evidence. (*People v. Johnson,* 28 Ill.2d 441, 443.) In any event, since we have held the confession voluntary, both the circumstances and the confession may be considered in determining that the *corpus delicti* was sufficiently proved. *People v. Lueder,* 3 Ill.2d 487; *People v. Borrelli,* 392 Ill. 481.

Defendant also claims that the confession is unreliable because of discrepancies between the independent evidence, and statements made in the confession. These alleged discrepancies involve the place where certain burglar tools were found. We have examined the record and find that there is no merit to this contention.

Defendant's final contention is that the sentence is excessive. He claims the sentence of not less than 40 nor more than 60 years was excessive, because a prior trial based on the same indictment resulted in a sentence of 10 to 15 years. A second trial occurred because the judge at the first trial (a bench trial) granted defendant's motion for a new trial. The judge at the second trial was a different judge. Before sentencing in the case now before us the State pointed out

in aggravation that defendant had a loaded gun. Defendant's criminal record contained two burglary convictions and two petty larceny convictions. One burglary conviction was after the defendant's first trial in this matter and before sentencing in the second trial. The trial judge here, therefore, had a more serious criminal record of defendant to consider than did the judge at defendant's first trial. The sentence is within the statutory range of punishment for burglary and was not excessive in view of defendant's criminal record.

For the reasons stated the judgment is affirmed.

*Judgment affirmed.*