**People of the State of Illinois, Defendant in Error, v. James Concil, Plaintiff in Error.**
**People of the State of Illinois, Defendant in Error, v. Thomas Herod, Plaintiff in Error.**

**Gen. Nos. 51,435 and 51,437.**

First District, First Division.

February 27, 1967.

Walter D. Jacobs, of Chicago, for plaintiff in error, James Concil.

Angelo Ruggiero, of Chicago, for plaintiff in error, Thomas Herod.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Ronald Candler, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendants, James Concil and Thomas Herod, were jointly indicted on the charge of attempted robbery. They waived a jury trial and on a finding of guilty by the trial judge, James Concil was sentenced to a term of one to five years and Thomas Herod to a term of two to eight years. The defendants filed separate appeals which we have consolidated for opinion because these causes turn upon the same questions of fact and involve common questions of law.

The defendants contend (a) that the evidence relating to material facts in issue were conflicting, unreconcilable

and did not establish the guilt of the defendants beyond a reasonable doubt; and (b) that the cumulative effect of the trial court's examination of witnesses and its comments during the trial were prejudicial and deprived the defendants of a fair and impartial trial.

The evidence reveals that on June 27, 1962, at about 11:30 p. m., a Chicago Police task force consisting of officers Gomez, Dan Antzoulatos, James Dolan, John Neary and William Struke, were investigating robberies in the vicinity of Morgan and Monroe Streets. All of them were dressed in ordinary street clothes and were in direct communication with each other by walkie-talkie radios.

Officer Antzoulatos who was acting as a decoy, dressed in a pair of slacks, sport shirt and sport jacket, testified he walked alone on Madison Street while two officers were in an unmarked automobile, another across the street, and one was behind him. He said as he turned south on Peoria Street, near Monroe, the two defendants passed him and kept looking back at him. He turned west at Monroe Street and as he crossed Morgan Street he observed Concil on his left and Herod behind him. He heard Concil say "[h]it him in the back of the head and I'll get his money," and Herod struck him on the back of his head with his fist. He said he immediately announced he was a police officer and that they were under arrest. He apprehended Herod, and Concil was pursued and apprehended by Officer Struke.

Officer Struke testified he was in a vacant lot about thirty feet from Antzoulatos when he saw one of the men strike him from the rear and that while Antzoulatos held Herod he and the other officers apprehended Concil. Officer Gomez did not testify, and Officers Dolan and Neary testified that they were in an automobile across the street when they saw Herod strike Antzoulatos and they assisted in the apprehension of Concil. None

of the officers were able to hear anything said by the defendants to Antzoulatos.

The defendant, James Concil, testified that he and Herod saw Antzoulatos staggering, as if drunk, and when they attempted to pass by he said Antzoulatos turned around, grabbed Herod and swung at him. "At the same time this happened men begun to come out of doorways, gangways, and I was frightened, I ran." He said he didn't know they were police officers so he ran in the street where there was more light "where I was subdued and beaten by these officers." He denied having said "[h]it him on the head, we'll take his money," and denied he intended robbing the officer. He testified further that Herod didn't hit the officer before the officer struck him. The defendant Herod testified that they were walking single file past Antzoulatos when the latter grabbed him by the collar and swung at him. He denied that either he or Concil struck the officer or said anything to him at the time. Officer Neary who was recalled as a State's witness testified, in rebuttal, that when they apprehended Concil there was a struggle when Concil swung at him. He said he did not run in the middle of the street, but instead he ran in and out between cars before they caught him.

The respective counsel for the defendants separately contend that the testimony of all the officers was incredible. "The inference in the testimony of all of these officers is that there was communication between all of them and yet only Officer Antzoulatos testified to the magic words, 'Hit him in the back of the head and I'll get his money.'" Also that the only person who identified the defendants as having seen them, prior to the incident, was Antzoulatos who identified them by their clothing. The defendants argue that although the street was dark the other officers at a distance of thirty feet were able to testify emphatically and relate precisely what occurred and when you take the cumulative effect

of all the testimony, the testimony of the police officers at once becomes improbable.

The defendants rely heavily on People v. Coulson, 13 Ill2d 290, 149 NE2d 96. There, the victim of the alleged robbery was serving a jail sentence for striking a man on the head with a pistol at the time of the trial. The court there found many discrepancies, improbabilities and inconsistencies in both his supporting witness and his own testimony and when coupled with his reluctance to testify as to his activities during the evening and the amount of liquor which he consumed prior to the robbery, the court found that the evidence was completely unsatisfactory to establish the guilt of the defendants beyond a reasonable doubt.

In the instant case it is undisputed that the defendants were apprehended at or near the scene of the occurrence and were immediately charged with attempted robbery. We have examined the record, and while there were discrepancies in the testimony of one of the police officers from that given at a preliminary hearing, we find them to be very minor and of no consequence. People v. Thomas, 20 Ill2d 603, 170 NE2d 543.

██ It is true that Officer Antzoulatos, who was on a special and dangerous assignment, was the only person who testified that Concil told Herod to hit him and he would take his money. However, the testimony of one person alone, if positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. People v. Miller, 30 Ill2d 110, 195 NE2d 694. In addition, his testimony is corroborated by the other police officers who saw Herod, without any provocation, strike him with his fist from the rear. Concil who had run while Antzoulatos held Herod was apprehended by the other officers. This occurred about midnight on a dark street. We are satisfied that the evidence established the attempt to rob, by the defendants, beyond a reasonable doubt.

76

■ It is further contended that the trial court's attitude and conduct and its examination of witnesses and its comments during the course of the trial deprived the defendants of a fair and impartial trial. We disagree. It is true the court questioned witnesses. From our examination it clearly appears that the trial judge tried to clarify the evidence to establish preliminary matters in his own mind and did not assume the role of an advocate in derogation of the rights of the defendants as charged. See People v. Hopkins, 29 Ill2d 260, 194 NE2d 213; People v. Palmer, 27 Ill2d 311, 189 NE2d 265. It is also claimed that the remarks of the trial judge showed he did not understand the charge of attempted robbery. This argument stems from remarks of the court after the close of the evidence. We find no merit to this contention.

For the reasons stated, the judgment of the Criminal Division of the Circuit Court is affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.