THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOBBY ROLLINS *et al.*, Defendants-Appellants.

First District (3rd Division) No. 62418

Opinion filed September 16, 1976.

Gordon James Arnett, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Eugene J. Rudnik, Jr., Assistant State's Attorneys, and Steven Norman and Jeremy Miller, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendants, Bobby Rollins and Robert Smith, were charged with burglary and possession of burglary tools. After a trial without a jury in the circuit court of Cook County, they each were found guilty of both charges. The trial court sentenced each defendant on the burglary count to six years eight months to 20 years. Both defendants contend on appeal that they did not understandingly waive their right to a jury trial; that they were not proved guilty beyond a reasonable doubt; and that the sentence imposed was excessive.

Defendants' initial contention is that they did not understandingly waive their right to a trial by jury. A recitation of certain events which occurred prior to trial is essential to understand their argument.

Defendants, along with Terry Baisden, were charged with the aforementioned crimes. Defendants personally and through their privately retained counsel elected to waive a jury. Defendants agree that the trial judge fully admonished them as to their right to a jury trial, and that they each informed the court that they wished to proceed to trial without a jury. Defendants also signed jury waiver forms. Baisden, however, elected to be tried by a jury. The trial court stated that all three accused would be tried at the same time, but that the jury would be informed that it would rule upon the guilt or innocence of only one defendant, Baisden. When defendant Smith expressed some confusion over the fact that a jury would decide Baisden's case, the court announced a recess and told defendants to confer with their attorney. After the recess, both defendants again informed the trial court that they wished to waive a jury.

Shortly after jury selection had begun, the State, for reasons not set forth in the record, requested and was granted leave to *nolle prosse* the charges against Baisden. The trial court again announced a recess to enable defendants to consult with their attorney. When the case was called, neither defendant sought to withdraw his jury waiver, but their

attorney mentioned that there was an "appearance of possible impropriety in that the only one who chose a jury has had his case dismissed."

■■ We hold that defendants effectively waived their right to trial by jury. They concede that they were fully admonished by the trial court as to their rights and that they both knowingly waived their rights. We find no merit in defendants' contention that their jury waiver was voided by the State's *nolle prosse* of the charges against Baisden. It is unnecessary to consider the State's suggestion that under no circumstances would such a dismissal of charges against another party vitiate an accused's waiver of his right to trial by jury. It is sufficient to state that, in the present case, the trial court afforded defendants two opportunities to withdraw their jury waivers. After the trial court stated that the three accused would be tried simultaneously, defendants conferred with their attorney and specifically renewed their jury waiver. After the charges against Baisden were dismissed and before defendants' trial commenced, they again consulted with their attorney. At that time, neither defendants nor their counsel sought to withdraw the jury waiver. Moreover, there is nothing in the record to support defendants' suggestion that if they had requested jury trials their cases would have been dismissed. Indeed, as our recitation of facts will indicate, the case against Baisden was weaker than that against defendants. Defendants' waiver of their right to trial by jury was proper.

Defendants next contend that the State failed to prove them guilty of burglary beyond a reasonable doubt. The facts follow.

On September 6, 1974, at approximately 4 a.m., two police officers heard a burglar alarm begin to ring in a drug store located at 4205 West Irving Park Road in the City of Chicago. The officers shined the squad car's spotlight into the front of the store and saw nothing. They pulled into a side service drive and arrived at the rear of the store about 15 seconds after the alarm first sounded. The service drive led into a dead-end alley. Baisden was standing about 20 to 25 feet from the rear of the store and told the police officers he knew nothing about the alarm. He had entered the alley to relieve himself.

The officers found an iron door open at the rear of the basement of the store. The bar to the door, normally secured by a chain and padlock, had been sawed through. A wooden door inside had been forced open, its jamb splintered and open. A third door further in the interior, also had been forced open. A fourth door, which was wired to the store's burglar alarm, was at the top of the stairs leading from the basement to the retail area of the store. This door had been forced open and several holes drilled through it. The security bar guarding it also had been forced open. The officers searched the store and found no one in it. Outside, they found a screwdriver and two jackets on the ground at the base of the store fire

escape. The officers climbed the fire escape and found both defendants on the roof of the drug store. One was crouching and the other was lying down. Although the night was cool, both defendants were in their shirt sleeves. The officers detected no odor of alcohol and believed that both defendants were sober. The officers subsequently found a bag of tools behind a bush between the basement stairwell and the fire escape. The bag contained two hand drills, a bit, a rubber mallet, and a hacksaw blade. The officers also recovered a portable radio equipped to receive police calls. The fire escape was not visible from the street. No fingerprints of defendants were found in the store or on the tools.

Defendant Smith testified for the defense that he and Rollins were intoxicated, and were sleeping off the drunk at the time of the arrest. He stated that they shared a bottle of wine. Smith had drunk a bottle of champagne, and had drunk at least 15 mixed drinks. Rollins was more intoxicated than he. Smith was shocked into immediate sobriety when awakened by the police. Smith did not recall how he and Rollins had arrived at the roof of the drug store. They had been drinking in another part of Chicago. They also lived in another part of the city. Defense counsel had both defendants try on the jackets recovered by the police at the foot of the fire escape. Counsel then asked that the record show that the sleeves of the jackets did not fit defendants.

To convict the defendants of burglary the State had to prove beyond a reasonable doubt that the crime was committed and also that the defendants were guilty of the commission of the crime (*People v. Bridgewater* (1938), 369 Ill. 633, 17 N.E.2d 556). The gist of the offense of burglary is the entering of a building with a felonious intent. (*People v. Clark* (1964), 30 Ill. 2d 216, 195 N.E.2d 631.) The crime of burglary is complete upon the entry with the intent to steal, and it is not essential to prove that anything was taken. (*People v. Dennis* (1963), 28 Ill. 2d 525, 193 N.E.2d 14.) The element of entry and the manner thereof may be inferred from the facts in evidence. (*People v. Heise* (1966), 35 Ill. 2d 214, 220 N.E.2d 438.) It is also well settled that a conviction of burglary can be predicated upon circumstantial evidence. *People v. Brown* (1963), 27 Ill. 2d 23, 187 N.E.2d 728.

■■ It is clear that the State proved beyond a reasonable doubt the elements of a burglary and that defendants participated in the crime. The evidence established that the burglars broke through three doors in the basement of the store. After breaking through these doors, it was established that the fourth door leading into the retail section of the store had been forced open, and it was that event which set off the alarm. The State thus established entry into the building. The evidence is just as overwhelming that defendants participated in the burglary. They were found hiding on the roof of the building reached only by a fire escape

located in the dead-end service entry and not visible from the street. At the foot of the fire escape, the officers found a screwdriver and two jackets. Although the officers testified that the weather was brisk, defendants were found in shirt sleeves.

■■ In the face of the above evidence, defendant Smith testified to an implausible and incredible explanation that defendants were on the roof to sleep off intoxication. He also stated that, despite an enormous consumption of liquor, he was instantly sobered by the shock of being awakened by the police. A defendant does not have to testify. However, when a defendant elects to justify or explain his presence at or near the scene of a crime, while denying participation, he must tell a reasonable story or be judged by its improbabilities. *People v. Spagnolia* (1961), 21 Ill. 2d 455, 173 N.E.2d 431.

The absence of defendants' fingerprints and the fit of the jackets recovered by the police were merely matters for the trier of fact. Since the trial court as trier of fact is peculiarly suited to determine questions of truthfulness, a reviewing court will not readily substitute its own conclusion unless the proof is so unsatisfactory as to justify a reasonable doubt of guilt. (*People v. Boney* (1963), 28 Ill. 2d 505, 192 N.E.2d 920.) Both defendants were proved guilty of the crime of burglary beyond a reasonable doubt.

Defendants finally urge that the sentence imposed on each of them, six years eight months to 20 years, is excessive and should be reduced.

■■ Prior to sentencing, the trial judge was informed that defendant Smith, 33 years old, had a criminal record going back to 1961, and that he was presently on Federal parole after serving five years of a 15-year sentence for robbery. Rollins, 27 years old, in 1966 had been sentenced to 30 days in jail for criminal trespass to a vehicle. Later that year he was sentenced to 60 days in jail for theft. In 1967, Rollins received concurrent sentences of one to five years for three counts of burglary. While on parole for those convictions in 1969, he was sentenced to one year in jail for theft and was returned to the penitentiary as a parole violator. In view of their extensive criminal records, the sentence imposed on each defendant in the present case was fully justified. Defendants' argument that their request for a trial without a jury resulted in a harsh sentence deserves no comment and is without merit.

For the reasons stated, the judgments of conviction of the circuit court of Cook County are affirmed.

Judgments affirmed.

MEJDA, P. J., and DEMPSEY, J., concur.