THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. NEAL, Defendant-Appellant.

Fourth District   No. 4—83—0223

Opinion filed April 4, 1984.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

In May 1980 defendant, Robert Neal, was convicted of rape in a jury trial, and sentenced to a term of eight years' imprisonment. He appealed from that conviction and we affirmed the trial court. (*People v. Neal* (1981), 92 Ill. App. 3d 1199, 423 N.E.2d 995 (Rule 23 order), *appeal denied* (1981), 85 Ill. 2d 560, *cert. denied* (1981), 454 U.S. 899, 70 L. Ed. 2d 216, 102 S. Ct. 402.) Neal filed a post-conviction petition in which he alleged that he had been incompetently represented at trial. After an evidentiary hearing, the petition was denied, and the defendant appeals. He contends on appeal that he was ineffectively represented at the trial level, and that the trial court erred in considering off-the-record observations in ruling on the post-conviction petition. We affirm the denial of the petition.

At the post-conviction hearing Neal testified that after he was arrested and charged with rape in Champaign County, he retained Archie Weston of Chicago as his lawyer. Neal had a 20-minute interview with Weston in January 1980. He explained the nature of the charge and told Weston the name and addresses of several alibi witnesses. Neal contacted the witnesses and asked them to testify on his behalf at trial. Weston conducted a 30-minute interview of the defense witnesses immediately before trial, but did not interview the alleged victim or any of the prosecution witnesses.

Brian Silverman, a Champaign County public defender, testified at the hearing as an expert in trial advocacy. He testified that he always

asked potential witnesses about their background and the circumstances of the incident involved. Silverman said the level of competency of an attorney that did not interview witnesses until the day of trial was not "very high." He further elaborated that that factor alone would not necessarily make the attorney incompetent.

Weston did testify at the hearing and Neal's lawyer made an offer of proof as to Weston's expected testimony. Weston had mishandled a client's estate and in January 1980 had a $23,000 judgment entered against him. The Hearing Board and Review Board of our Attorney Registration and Disciplinary Commission investigated this case and recommended that Weston be disbarred. This disbarment proceeding was pending during Neal's trial and Weston was subsequently disbarred. *In re Weston* (1982), 92 Ill. 2d 431, 442 N.E.2d 236.

Defendant asserts that he was denied effective assistance of counsel at trial, therefore we should reverse and remand for a new trial.

Defendant's contention is based on Weston's failure to interview alibi witnesses until the day of trial, and his subsequent disbarment. In an affidavit filed in the Illinois Supreme Court on December 22, 1981, in connection with Weston's disbarment proceedings, he said that he had been under "extreme emotional stress" and "severe financial hardships over the past two years." Defendant asserts that these factors indicate that counsel was incompetent.

The defendant cites two cases which were reversed because of Weston's incompetence at trial. The State maintains, and we agree, that the cases are distinguishable. In *People v. Williams* (1982), 93 Ill. 2d 309, 444 N.E.2d 136, the Illinois Supreme Court reversed and remanded for new trial the defendant's convictions for murder, aggravated kidnaping, and rape. The court pointed to several relevant factors in its decision, including: the failure to make a motion to suppress physical evidence—which was possibly crucial to the State's case; the failure to object to various testimony; and the failure to make a motion for a new trial. The court also pointed out that this was a capital case, in which Weston defended three clients before two juries. The court did not apply either of the established tests for determining whether a defendant has been denied effective assistance of counsel. (See, *e.g., People v. Lewis* (1981), 88 Ill. 2d 129, 430 N.E.2d 1346 (appointed counsel); *People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677 (retained counsel).) The court held that although Weston's performance at trial could not be characterized as actual incompetence, "the unique circumstances and sequence of events in this capital case," require that the defendant be granted a new trial. *People v. Williams* (1982), 93 Ill. 2d 309, 325, 444 N.E.2d 136, 143.

In *People v. Rainge* (1983), 112 Ill. App. 3d 396, 445 N.E.2d 535, the appellate court held that Williams' codefendant was entitled to a new trial. The court followed the *Williams* line of reasoning, stating only that the " 'unique circumstances and sequence of events in this capital case *** will rarely, if ever, be duplicated ***.' [Citation.]" 112 Ill. App. 3d 396, 413, 445 N.E.2d 535, 547.

We find that *Williams* and *Rainge* are similar to the case at bar in only one respect, *i.e.*, Weston was the attorney in all three cases. In *Williams* and *Rainge*, Weston made several crucial errors: he failed to make a motion to suppress; he repeatedly failed to object; and he failed to make a motion for a new trial. Furthermore, *Williams* and *Rainge* were convicted of capital offenses in a complex trial. The defendant in the instant case was sentenced to eight years in a trial in which he was the only defendant. Weston asked the prosecution witnesses about inconsistencies in their testimony during cross-examination. He made a motion for a directed verdict at the end of the State's case in chief. He put the defense witnesses on the stand in chronological order and elicited all of the relevant alibi testimony. During closing argument, he stressed the inconsistencies in the alleged rape victim's testimony, and reiterated the defendant's alibi. After the jury returned a verdict against the defendant, he had the jury polled. In reading the record as a whole, Weston made no serious errors at trial.

■ We hold that *Williams* and *Rainge* do not control in the case at bar, therefore the proper standard of review is the established test: whether the defendant's representation is incompetent, and this incompetence produces "substantial prejudice to the defendant without which the result would probably have been different." *People v. Royse* (1983), 99 Ill. 2d 163, 168, 457 N.E.2d 1217, 1220.

■ Defendant alleges actual incompetence of counsel based solely on counsel's failure to interview defense witnesses until the day of trial. Defendant relies on *People v. Krankel* (1983), 113 Ill. App. 3d 992, 447 N.E.2d 1379, *appeal allowed* (1983), 96 Ill. 2d 546, in which we reversed and remanded for a new trial because the defendant's counsel failed to investigate the only alibi witness named by defendant several months before trial. We held that counsel's incompetence in failing to investigate a potentially crucial witness was significantly prejudicial to the defendant.

However, this case differs significantly from *Krankel*. In *Krankel*, the attorney did not interview and did not call the only alibi witness. In this case, Weston did interview the defense witnesses before trial and called each one at trial. Perhaps he should have spent more than

30 minutes with them or interviewed them before the day of trial. However, this, alone, cannot be characterized as incompetence. Counsel presented each witness in chronological order following the events of the evening in question. Each witness gave his account of what happened the night of the alleged rape. The jury was given all of the relevant facts and found the defendant guilty. Therefore, even if counsel had been ineffective, and we find that he was not, defendant was not prejudiced at trial.

Defendant also contends that the trial judge, in ruling on defendant's post-conviction petition, erred in relying on off-the-record evidence, *i.e.*, the trial court's observations during trial.

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*) allows the judge wide discretion on the type of evidence admissible in a post-conviction hearing. (*People v. Humphrey* (1970), 46 Ill. 2d 88, 263 N.E.2d 77.) Furthermore, the judge may refer to evidence at the original trial. *People v. Thomas* (1960), 20 Ill. 2d 603, 170 N.E.2d 543.

■ The trial judge made several remarks when he ruled on the post-conviction petition. He had presided over the original trial, and had observed counsel's presentation at trial. Counsel was on time, presented the evidence in an organized manner, and seemed to be relaxed. His remarks were all in reference to the original trial. The remarks about counsel's demeanor reflect the opinion that the trial judge held of counsel's performance as a whole, which is supported by the record.

■ The defendant argues that the judge should have recused himself. The post-conviction petition should be heard by the same judge that rendered the original judgment, unless there is a showing of substantial prejudice. (*People v. Mamolella* (1969), 42 Ill. 2d 69, 245 N.E.2d 485.) The trial judge has first-hand knowledge of the original proceeding and can thus correct any error that was made at trial. (*People v. Sheppard* (1950), 405 Ill. 79, 90 N.E.2d 78.) Therefore, the judge should not have recused himself since there was no showing of any prejudice to the defendant.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

MILLS, P.J., and TRAPP, J., concur.