(No. 37756.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR CLARK, Plaintiff in Error.

*Opinion filed January 22, 1964.*

CHARLES A. BRIZZOLARA, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Arthur Clark, after waiving a jury and submitting to a bench trial in the criminal court of Cook County, was found guilty of burglary and sentenced to the penitentiary for a term of four to nine years. He prosecutes this writ of error for review contending he was not fully informed of his right to a jury trial, or of the consequences of his waiver, and that he was not proved guilty beyond a reasonable doubt.

Evidence for the prosecution shows that during the early morning hours of October 31, 1961, Chicago police officer Edward Wodnicki discovered a panel which had been drilled out and replaced in a garage door at the rear of 1420 S. Michigan Avenue. Directly across the alley, behind two garbage cans, the officer discovered an axe, a brace and a bit, and he also observed an empty Ford automobile parked nearby. His suspicions aroused, Wodnicki concealed

himself behind the garbage cans and maintained a surveillance from approximately 3:30 A.M. to 3:55 A.M., at which time he walked to a nearby restaurant and telephoned for assistance. This took about five minutes. He returned to the alley and was soon joined by two detectives who set up a floodlight directed at the garage door. About 4:45 A.M. the drilled panel was kicked out from the inside, after which defendant emerged and took some packages that were handed to him through the door. He walked to the Ford car, placed the packages therein and returned to the garage. After this had been repeated twice two other men emerged through the panel opening and all three men picked up some packages and started for the car. At this point the police turned on the floodlight and placed the three under arrest.

Defendant's companions were Harry Boyd and James Johnson who were subsequently indicted and tried with him. Johnson, according to Wodnicki, admitted that the brace and bit had been used to drill out the panel, and that the axe had been used to knock out the plaster in a stairwell. A search of Johnson's person produced a paring knife and a screwdriver, while Boyd was found to have a paper upon which the words "N-E-C Radio Corp." were written. Some 58 packages were recovered by the officers, either in the car, in the hands of the men, or just inside the garage door, and all but one, which contained radio parts, were found to contain transistor radios. All three of the men gave fictitious addresses.

The remaining witness for the prosecution, Chris Marinic, testified that he was the secretary of the N-E-C Radio Corporation which occupied the second floor of the premises, and that when he was summoned there by the police at 5:00 A.M., he found a hole in the wall of the stairwell to the office and empty boxes and cartons scattered about. On the basis of an inventory taken fourteen days prior to the burglary it was ascertained that 460 radios, five cameras and a box of radio parts were missing. Of these

items only the box of spare parts and 57 radios described by Wodnicki were ever recovered. In this regard, the officer testified that defendant and his co-defendants refused to talk about the missing radios and cameras.

In defense to the charge, the testimony of defendant and his two companions tended to be along the same lines. According to them they had spent the evening drinking and had purchased a bottle of gin, after which they drove into the alley and parked to drink it. While so engaged they purportedly saw two men walking down the alley with packages in their hands and, a short time later, when defendant left the car to relieve himself, he discovered some packages piled in the alley outside the garage. He ascertained that they contained radios, returned to the car and apprised his friends of his discovery, whereupon all three went to the place where the packages were stacked and were arrested. They denied that they had been in the building.

Where the cause is tried without a jury, it is the function of the trial court to determine the credibility of the witnesses and the weight to be afforded their testimony, and where the evidence is merely conflicting a reviewing court will not substitute its judgment for that of the trier of fact. (*People* v. *McCreary,* 29 Ill.2d 295; *People* v. *Dillon,* 24 Ill.2d 122.) Here, there was credible evidence fully establishing defendant's guilt of the crime charged and, what is more, the trial court could properly consider the improbabilities in defendant's explanation of his presence at the scene of the offense, and of the manner of discovery of the stolen goods. (*Cf. People* v. *Oswald,* 26 Ill.2d 567; *People* v. *Spagnolia,* 21 Ill.2d 455.) Nor does the fact of the missing radios and cameras serve to create a reasonable doubt of guilt. The gist of the offense of burglary is the entering of a building with a felonious intent, (*People* v. *Palmer,* 26 Ill.2d 464; *People* v. *Maffioli,* 406 Ill. 315,) and the crime is complete whether or not anything is taken, (*People* v. *Figgers,* 23 Ill.2d 516; *People* v. *Dennis,* 28 Ill.2d 525,)

or whether or not items taken in the burglary are recovered. (*People* v. *Oswald,* 26 Ill.2d 567.) Accepting the testimony of officer Wodnicki as true, as the trial court did, it appears beyond a reasonable doubt that defendant broke and entered the building with a felonious intent.

Facts attendant to defendant's contentions that he did not understandingly waive a jury trial, and that the trial judge failed to explain the consequences of such waiver, reveal that on the day of trial defense counsel advised the court it would be a bench trial. When this occurred, the judge caused each of the defendants to identify themselves, informed them that their counsel indicated they wished to waive a jury trial and to submit to a bench trial, and advised them that each was entitled to a jury trial if any or all of them should so desire. Thereafter, in response to direct questions by the court, each of the defendants expressly manifested the wish to be tried by the court without a jury and executed jury waivers.

The trial court is charged with the duty of ascertaining that the election of an accused to forego a trial by jury is both understandingly and expressly made, (*People* v. *Surgeon,* 15 Ill.2d 236,) and we are convinced from the record before us that the waiver was understandingly made and that the court fulfilled its duty. Further, there is no claim or showing that defendant was in any manner coerced in making his choice and the trial court's explanation of options, as well as defendant's election, were couched in clear and unambiguous terms.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*