**People of the State of Illinois, Defendant in Error,
v. Joe Johnson, Plaintiff in Error.**

**Gen. No. 49,522.**

First District, Fourth Division.

April 15, 1964.

Elias Levin, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney, of Chicago
(Elmer C. Kissane and Paul A. O'Malley, Assistant
State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE DRUCKER delivered the opinion of
the court:

Defendant, Joe Johnson, appeals from his convic-
tion on a charge of armed robbery rendered after a
bench trial in the Criminal Court of Cook County.

The complaining witness, Pearline Walker, testified
that on June 18, 1959, at about 11:00 a. m., on Western
Avenue near Washington Boulevard in Chicago, she
was accosted by Johnson and an unidentified man and
that they took $150 from her at knife-point. Miss
Walker did not create any alarm after the purported

robbery took place, but went to her brother's home and phoned the police from there. Plaintiff in error admits being at the scene and taking money from the complainant; but he alleges that he took only $50 by the use of the so-called "purse drop" confidence game and denies that he robbed Miss Walker at knife-point.

Defendant testified that automobile traffic was heavy; that there were many people about the area; and that there was a police officer at the corner as well as a police car. Miss Walker stated that there were only a few cars on Western Avenue; that she was unaware of any policemen nearby and that she did not notice any other people about. She further testified that she did not know that there was an Allied Radio store on the corner near the purported incident, and that although she had lived in the vicinity for six months she did not know that there was a police station located a half block away.

Defendant's sole contention in this appeal is that the evidence was so improbable and beyond belief that it is insufficient to prove his guilt beyond a reasonable doubt. His rationale for such contention is that Miss Walker's testimony of a daylight robbery at knife-point on Western Avenue, coupled with purported victim's delay in summoning aid and reporting the robbery, is sufficient to raise a reasonable doubt of his guilt.

There is no dispute as to the applicable law. In a bench trial of a criminal case the trial court's judgment based upon the credibility of the witnesses will not be disturbed unless it is based on clearly unsatisfactory and improbable evidence. People v. Washington, 27 Ill2d 104, 187 NE2d 739; People v. Finley, 22 Ill2d 525, 177 NE2d 149. That there is a mere conflict in the evidence, however, is not sufficient to allow an appellate court to disturb the trial court's findings. As the Supreme Court of Illinois

stated in the very recent case of People v. Clark, 30 Ill2d 216, at page 219, 195 NE2d 631:

"Where the cause is tried without a jury, it is the function of the trial court to determine the credibility of the witnesses and the weight to be afforded their testimony, and where the evidence is merely conflicting a reviewing court will not substitute its judgment for that of the trier of fact. (People v. McCreary, 29 Ill2d 295; People v. Dillon, 24 Ill2d 122.)"

We do not believe that the evidence was so improbable and unlikely as to demand reversal here. The trial court had the opportunity to observe both the complaining witness and the defendant and to evaluate their respective versions of the incident. Defendant admits the incident with Miss Walker and relies on the sole defense that he was guilty only of the crime of confidence game. The trial judge could properly find him guilty beyond a reasonable doubt without reaching over into that realm of improbability and irrationality which would allow us to question his judgment. When confronted with two alternative versions of the same incident, the judge may properly choose one of them on the basis of his estimation of the witness' credibility. In People v. Owens, 23 Ill2d 534, at page 538, 179 NE2d 630, the Supreme Court stated:

"We have repeatedly said that the requirement that the defendant's guilt be proved beyond a reasonable doubt does not mean that the trier of the fact must disregard the inferences that flow naturally from the evidence before it. The trier of the fact 'is not required to search out a series of potential explanations compatible with innocence and elevate them to the status of a rea-

443

■■■■■■

sonable doubt.' (People v. Sullivan, 22 Ill2d 122, 124; People v. Russell, 17 Ill2d 328.)"

The evidence was sufficient to sustain the judgment of the Criminal Court, and it is therefore affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.