**The People of the State of Illinois, Plaintiff-Appellee, v. Clifford Archie, Defendant-Appellant.**

**Gen. No. 49,732.**

First District, Fourth Division.

September 24, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Anthony Haswell and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul A. O'Malley, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from a bench trial burglary conviction on which he was sentenced to serve a term of one to five years. The only point raised is that he was not proven guilty beyond a reasonable doubt.

The major part of the evidence is undisputed:

The apartment of Minnie Tiggens was burglarized on June 3, 1962. The missing property included an iron, a wrist watch and a radio.

On June 5 police officer Crossley, with two other officers, called on Preston Carter at his apartment, and after a short conversation Carter delivered to the policemen the three items of stolen property which were identified by Mrs. Tiggens as hers.

Defendant was arrested and taken to the police station where he was interrogated by the officers in regard to the property they had received from Carter. About an hour later defendant signed an exculpatory statement in which he said that he had bought the property for $15 from a man he had met on the street, never having seen him before; that he had then taken the things to Carter and left them with him, telling him that they belonged to defendant.

Defendant was previously convicted on pleas of guilty to two indictments for armed robbery and sentenced to the penitentiary.

The disputed part of the evidence concerns an oral confession. Defendant testified that he made none, and

79

further testified to the purchase of the property and delivery to Carter for safekeeping, all consistent with his exculpatory statement made at the police station. Officer Crossley, however, testified that in the course of the early part of their conversation when defendant was taken to the station immediately after his arrest, defendant had been confronted with the stolen goods and, in the presence of Crossley, two other officers and Carter, defendant had admitted taking the property from Mrs. Tiggens' apartment after forcing the front door. Crossley testified further that Carter, in defendant's presence, told the policemen that defendant had brought the property to him at his (Carter's) apartment and that he had paid defendant $20 for it; that Carter had gone on to say that defendant had told him at the time that he had stolen them from the apartment of a lady he (defendant) knew. Crossley also testified that during and following these accusations by Carter defendant remained silent.

When Crossley was first cross-examined as to the confession conversation he said that defendant had not signed a written statement. Under subsequent questioning, upon being shown the exculpatory statement, he conceded that he had seen the statement before and that it bore defendant's signature. The statement indicates on its face that it was taken at 2:45 p. m. (about $1\frac{1}{4}$ hours after the arrest) and that the questioning was done by Crossley.

■■ Defendant's sole argument is that an oral confession is of low evidentiary value (citing People v. LaCoco, 406 Ill 303, 94 NE2d 178) and that the conflict in the evidence in regard thereto renders the guilt of defendant subject to reasonable doubt. This view is admittedly based on the proposition that the entire case rests on the confession testimony. We don't consider that to be the state of this record. There were other facts and circumstances in evidence, as recited above, which combined with the confession to produce overwhelming evidence of defendant's guilt. This is on the assumption that

the trier of facts believed Crossley and Carter rather than defendant. And, of course, it was his function, not ours, to judge the credibility of the witnesses. People v. Clark, 30 Ill2d 216, 219, 195 NE2d 631.

We find nothing in defendant's cited case (People v. LaCoco, 406 Ill 303, 94 NE2d 178) which bars us from concluding that the conviction here should be affirmed. In fact, the conviction in LaCoco was itself affirmed after giving cautious consideration to the oral confession in the light of the other evidence in the record. This appears to have been what was done by the trial judge in this case.

The judgment and sentence of the Circuit Court are affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.