People of the State of Illinois, Plaintiff-Appellee, v. John C. Pounds, Defendant-Appellant.

Gen. No. 50,187.

First District, Third Division.

October 7, 1965.

Jack G. Stein, of Chicago (Francis X. Riley, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Following a trial without a jury, the court found the defendant guilty of the murder of George Henley and

sentenced him to not less than fourteen nor more than twenty years in the state penitentiary. The defendant contends the evidence failed to prove his guilt beyond a reasonable doubt.

The state's case rests on the testimony of an eye-witness, Leroy Porter, a stranger who happened to be at the scene and saw the defendant stab the deceased with a bayonet. Porter testified that he got off a C.T.A. Elevated train at 63rd Street and Cottage Grove Avenue, Chicago, at about 1:10 a. m. on August 23, 1963 and walked north on the east side of Cottage Grove Avenue when he saw defendant and the deceased "two doors" in front of him. He came within five feet of them when he heard them begin to quarrel about a five dollar debt allegedly owed by Henley to defendant. He overheard the defendant say, "Explain, hell, no son-of-a-bitch is going to do me this way, I want my money."

The witness further testified that Henley turned and began to run away; that defendant hit the deceased on the back of the shoulder with "something" he had pulled from his side; that the deceased turned back toward the defendant and attempted to protect himself; that the defendant drew a bayonet from a sheath which he held in his left hand and in the struggle, stabbed the deceased in the abdomen. On cross-examination Porter further testified that there was a violent struggle between the defendant and the deceased, but that he had not seen the defendant incur the severe hand injuries he received. He also testified that he had not seen the deceased obtain possession of the weapon; that the bayonet remained stuck in the deceased's body; and that the defendant ran "south" on 63rd Street.

The defendant's version of the facts differs only as to the struggle itself. He testified he did not have the bayonet and did not know where it came from. In his statement to the police, he admitted he hit at Henley with the weapon in an attempt to fend him off, but on trial

163

denied striking the fatal blow. Defendant's counsel presents the theory that it was physically impossible for the larger Pounds (the defendant) to stab the shorter Henley at such an angle as the thrust assumed and that the deceased somehow fell on the inclined bayonet, but there is no testimony to support counsel's position. In a struggle as violent as that which occurred here, the positions of the two men could well have been such that an uppercut with a bayonet would have caused the injuries described. Defendant does not contend that the bayonet belonged to the deceased. He merely says he does not know where it came from. The eyewitness's statement that the weapon was first drawn by Pounds remains virtually uncontradicted.

Defendant seeks to impeach the testimony of the witness Porter, that the bayonet remained in Henley's body, when in fact the police found the weapon eight to ten feet from the body. Porter testified, however, that he turned to watch the defendant run away and then immediately went into a restaurant to telephone the police. This accounts for his failure to see what happened to the weapon.

Defendant argues that his own injuries, severed tendons of the hand and bruises on the head, reveal that the deceased at some time had possession of the weapon. While that is a possibility, Porter's testimony that defendant retained control of the bayonet throughout the struggle is not inconsistent with defendant's cutting himself on the weapon.

■ ■ The fact that Porter's account contained a common error in direction is not serious. The witness said Pounds ran "south" on 63rd Street, which is an east-west street. Actually, the defendant ran south on Cottage Grove to 63rd Street and then west on 63rd Street. Porter was a disinterested and credible witness, and this slight error does not affect his credibility. Where the evidence is merely conflicting, a reviewing court will

164

■■■■■■■■■■■

not substitute its judgment for that of the trier of fact. People v. Clark, 30 Ill2d 216, 195 NE2d 631.

■ The judge saw and heard the witnesses. There is no doubt that defendant was the aggressor. The eyewitness's account is positive and clear that the defendant drew the weapon which killed Henley, in the struggle that followed. The judgment of the trial court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.