**The People of the State of Illinois, Plaintiff-Appellee, v. Arnold Wayne Neukom, Defendant-Appellant.**

Gen. No. 50,143.

First District, Fourth Division.

May 13, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall Patner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

■■■

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

## CHARGE
Armed robbery.[1]

## DEFENSE AT TRIAL
Alibi.

## JUDGMENT
After a bench trial, the court found defendant guilty and imposed a sentence of five to ten years.

## POINTS RAISED ON APPEAL
(1) The indictment was insufficient for lack of specific allegations as to the time and place of the crime.

(2) The charge was not proved beyond a reasonable doubt because the identification evidence was unbelievable.

## EVIDENCE
### Testimony of State Witnesses
*David Magidson*

He was the clerk on duty at Foremost Liquor Store, 7138 Higgins, Chicago, on February 17, 1964 at about 9:15 p. m. At that time there came to the counter a man who was about 5′8″ tall, 160 pounds, 23 years old, wearing a coat, cap, sunglasses, and with three bandages,

---

[1] Ill Rev Stats (1963), ch 38,

§ 18–1(a). A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.

§ 18–2(a). A person commits armed robbery when he violates Section 18–1 while armed with a dangerous weapon.

two inches wide, horizontally covering parts of his forehead, nose and chin. The man asked for and was given cigarettes by Magidson who stood on the other side of the counter at a distance of not more than three feet. When payment was requested, the man exposed a gun, pointed it at Magidson and demanded all the money in the register. Approximately $1,000 was turned over to the robber who, upon leaving the store, warned Magidson that he would be killed if he attempted to follow.

Five weeks later, when defendant was arrested, Magidson was called to the police station, and there, upon viewing a lineup of four men, he identified defendant as the robber. At the station he had not seen defendant before he was brought in for the lineup. Sunglasses were then put on defendant, and Magidson reaffirmed his identification. Others in the lineup did not wear sunglasses.

At the trial Magidson again made a positive identification of defendant. He also testified that the gun found in defendant's possession at the time of arrest resembled the gun used in the robbery.

### Frank Zuehlke

He was the stock clerk at the liquor store at the time of the robbery. His testimony as to the occurrence corroborated that of Magidson. Zuehlke had been standing behind Magidson, four or five feet from the robber, while the latter pointed a gun at Magidson for "a good minute."

Zuehlke did not attend the lineup, but he identified defendant in court at the preliminary hearing and again at the trial. On neither occasion did defendant wear sunglasses, bandages or hat. Zuehlke also identified the gun in evidence at the trial as the same one used in the robbery.

### Sergeant Joseph Rylko

He was the arresting officer who saw defendant commit a traffic violation on March 26, 1964. When he

signalled defendant to pull over, the latter turned and looked at Rylko who noticed a gauze bandage held down over defendant's nose by Band-Aids. Defendant started to get out of his car but Rylko told him to stay in the car. While Rylko was sending a radio message for assistance, defendant sped away and Rylko gave chase. Defendant's car crashed into a culvert. Defendant abandoned the car and ran through a vacant lot with Rylko in pursuit on foot. While running, defendant tore the bandage from his face and dropped it on the ground.[2] After Rylko fired a warning shot in his direction defendant stopped and surrendered.

Returning to defendant's car, Rylko there found a pistol on the floor.[3] At first interrogation defendant said he didn't know how the gun had gotten into his car. Later he said that he had been doing some work on it for the owner, a friend of his. He also explained that the gauze on his face was to cover a blemish, and that he had tried to run away because he was on parole and didn't have permission to drive a car. Defendant denied that he had committed the robbery.

Defendant had not been brought into the lineup alone prior to identification by Magidson. During the viewing each man in the lineup wore sunglasses at some time. On interrogation defendant said that he had been working full time from 4:00 p. m. to midnight, but investigation disclosed that he had not worked on the evening of the robbery.

### Testimony of Defendant

On the evening of the robbery defendant had become sick at work and at about 8:00 p. m. had gone home

---

[2] Part of the gauze bandage was later retrieved and introduced in evidence by the State at the trial.

[3] This was the gun introduced in evidence and identified by Zuehlke and Magidson as the same or similar to the gun used in the robbery.

and remained there through the next day. When he was stopped by Sgt. Rylko he was not wearing anything on his face, though he had been wearing a bandage for a burn suffered at work. He sought to get away because he feared parole violation for driving a car without permission.

Before the lineup the police exposed defendant alone to Magidson. At first Magidson did not recognize anybody in the lineup, and identified defendant only after being asked several times by the officers. Defendant was the only man in the lineup wearing sunglasses and a hat. Defendant did not commit the robbery.

It was stipulated that on November 20, 1961, defendant had been convicted of robbery and given a sentence of two to four years. He had also been given probation in March 1960 for driving a car with a revoked driver's license.

## OPINION

(1) Defendant's first point on appeal (insufficiency of the indictment) was waived on oral argument in the light of the intervening decisions in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97; and People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, affirmed 34 Ill2d 179, 214 NE2d 765.

██ ██ (2) Defendant's argument that this conviction cannot stand because based upon unbelievable identification evidence is also without merit. The identification testimony may not be ignored, but must be accorded such weight as is justified by the circumstances surrounding the identification procedures at the police station. People v. Crenshaw, 15 Ill2d 458, 464, 155 NE2d 599; People v. Cobb, 52 Ill App2d 332, 338, 339, 202 NE 2d 56. And the trial court's judgment as to the credibility of the witnesses will, of course, not be disturbed simply because there is a conflict in the testimony. People v. Clark, 30 Ill2d 216, 219, 195 NE2d 631; People v.

Johnson, 47 Ill App2d 441, 442, 443, 198 NE2d 173. Positive and credible testimony of even a single witness (in this case there were two) is sufficient although flatly contradicted by the accused. People v. Solomon, 24 Ill 2d 586, 591, 182 NE2d 736.

We conclude that the evidence in the instant case adequately supports the conviction and does not "justify a reasonable doubt of guilt." People v. Boney, 28 Ill2d 505, 510, 192 NE2d 920; People v. Stewart, 62 Ill App 2d 428, 434, 211 NE2d 154.

DECISION

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and McCORMICK, J., concur.