THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL TERRY, Defendant-Appellant.

Fourth District   No. 4—86—0491

Opinion filed April 9, 1987.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Kenneth R. Baumgarten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

The defendant, Michael Terry, was convicted of burglary in violation of section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a)) in July 1986, following a jury trial in the circuit court of Champaign County. On July 15, 1986, defendant was sentenced under the extended-term provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2) to a term of 10 years in the Illinois Department of Corrections. Defendant appeals contending error was committed by the trial court in instructing the jury relating to his voluntary intoxication defense.

In the early morning hours of November 29, 1985, police officers were alerted by a silent alarm system of a possible burglary at Norman Jewelers, a business located in the city of Champaign. The defendant was observed jumping up through the store ceiling and exiting from a second-story window. He ignored warnings to stop, climbed onto an awning, leaped to an adjoining building, and fled across rooftops. Police searched the roofs, found a window which indicated evidence of tampering, and entered, finding the defendant hiding behind a curtain in the shower stall. The sleeping occupants in the apartment denied that defendant had a right to be in the apartment.

Evidence was found in the jewelry store in the nature of a pillowcase containing items of jewelry. Found outside was a bag containing burglary tools and mail containing the defendant's name.

The defendant presented a defense of voluntary intoxication, introducing evidence indicating his addiction to heroin and cocaine. He testified to having spent the day, prior to the alleged burglary, drinking alcohol and injecting heroin and cocaine. He testified he had no recollection of involvement in the jewelry store incident. Officers tes-

tified that they did not detect alcohol on defendant's breath, that he was able to follow their directions, and that he walked without trouble.

■ When the voluntary intoxication defense is raised, an instruction should be given containing Illinois Pattern Jury Instruction, Criminal, No. 24—25.02 (2d ed. 1981) (hereinafter cited as IPI Criminal 2d) which states:

"[(An intoxicated) (A drugged)] person is criminally responsible for his conduct unless his [(intoxication) (drugged condition)] renders him incapable of acting [(knowingly) (intentionally)]."

Issue instructions concerning offenses requiring mental states of intent or knowledge should include IPI Criminal 2d No. 24—25.02A, which states:

"_____ Proposition: That at the time of the offense, the defendant was capable of acting [(knowingly) (intentionally)]."

The defendant submitted IPI Criminal 2d No. 24—25.02 using "intentionally," and it was refused. Over the defendant's objection, the court gave this instruction using "knowingly," reasoning that knowledge is the dominant mental state of burglary. Also, the issue instruction included IPI Criminal 2d No. 24—25.02A using "knowingly" in accordance with the court's previous ruling.

Defendant contends that the failure to use his submitted instruction was reversible error because defendant was deprived of the defense of voluntary intoxication. He argues, pursuant to *People v. Clark* (1964), 30 Ill. 2d 216, 195 N.E.2d 631, that "[t]he gist of the offense of burglary is the entering of a building with felonious intent." (30 Ill. 2d 216, 219, 195 N.E.2d 631, 633.) The State has the burden of proving the elements of the offense, and it is suggested the defendant is deprived of his theory of defense by not using the word "intentionally" in the instruction relating to voluntary intoxication.

Burglary is an unusual offense in that it contains two mental states. It is necessary for the State to prove beyond a reasonable doubt that (1) the defendant knowingly entered a building and (2) the offender did so with the intent to commit a theft or felony. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a).) The felonious intent is the gist of the burglary offense. (*People v. Clark* (1964), 30 Ill. 2d 216, 195 N.E.2d 631; *People v. Palmer* (1962), 26 Ill. 2d 464, 187 N.E.2d 236.) Not only must the entry be proved but also the intent to commit a felony or theft. *People v. Soznowski* (1961), 22 Ill. 2d 540, 177 N.E.2d 146; *People v. Mendelson* (1914), 264 Ill. 453, 106 N.E. 249.

■ Voluntary intoxication is a defense available in offenses re-

quiring the existence of a mental state as an element of the offense. (Ill. Rev. Stat. 1985, ch. 38, par. 6—3(a).) As noted, burglary contains the two distinct mental states of knowledge and intent. We have held, in a burglary case involving an allegation of voluntary intoxication by the defense, that the defendant must be shown to possess the requisite mental states of knowledge and intent. *People v. Davis* (1977), 54 Ill. App. 3d 517, 525, 369 N.E.2d 1376, 1383.

■ Defendant's theory of defense is that he was so intoxicated by the use of alcohol and drugs that he does not remember anything that happened. This use of the voluntary intoxication defense attacks both mental states. We can envision situations where only one of the mental states will be in question, but this is not such a case. Since proof of the intent to commit theft is an essential element of burglary, we find the trial court erred in this case by not including the "intent" element in the voluntary intoxication instructions when instructing the jury.

■ ■ However, in this case, we find this error is harmless. We note that the jury was properly instructed as to the offense of burglary by the following instruction:

"A person commits the offense of burglary when he, without authority, knowingly enters a building with intent to commit therein the offense of theft."

And also by:

"To sustain the charge of burglary, the State must prove the following propositions:

*First*: That the defendant knowingly entered a building; and

*Second*: That the defendant did so without authority; and

*Third*: That the defendant did so with the intent to commit the offense of theft.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

The question of the defendant's intent to commit a theft was before them. Also, a refusal to give a jury instruction will be held to be harmless and not a ground for reversal where it can be said that the result of the trial would not have been different if the instruction had been given. *People v. Moore* (1983), 95 Ill. 2d 404, 410, 447 N.E.2d 1327, 1330.

■ In order for involuntary intoxication to be a legal excuse, the

condition of intoxication must be so extreme as to suspend all reason. (*People v. Gross* (1977), 52 Ill. App. 3d 765, 367 N.E.2d 1028; *People v. Proper* (1979), 68 Ill. App. 3d 250, 385 N.E.2d 882.) Where the evidence on the record indicates that the defendant acted with any purpose or rationality or remembered the offense with clarity or detail, voluntary intoxication is not an available defense. *People v. Nichols* (1981), 96 Ill. App. 3d 354, 359, 420 N.E.2d 1166, 1170.

The record in the present case shows the defendant did in fact act with purpose and rationality. The defendant entered the jewelry store by breaking a second-story window. A ceiling tile in the suspended ceiling had been picked up and set aside. Found inside the store was a pillowcase containing jewelry. Outside the store was found a brown bag containing wire cutters, screwdriver, maul, and an envelope addressed to the defendant.

When the police responded to the silent alarm, the defendant observed them and climbed out the broken window. He ignored orders to stop and jumped approximately 5 feet from the awning of the jewelry store building to the roof of the adjoining building. He pulled himself over the edge and fled along the rooftops. The defendant was found hiding in the shower stall of an apartment where he gained entrance through a window by removing and replacing the screen without waking the sleeping tenants. The defendant had no trouble walking or following the officers' instructions, nor did the officers notice any alcohol on his breath.

Based on the defendant's actions contained in the record, it is clear the requisite mental states of knowledge and intent on the part of the defendant existed. Since the result of the trial would not have been different even if the proper instruction had been given, any error by not giving it is harmless. For the above reasons, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

SPITZ, P.J., and KNECHT, J., concur.