UNITED STATES of America, ex rel. Charles SHEPHERD, Petitioner,

v.

George WELBORN, Warden, and Roland Burris, Attorney General of the State of Illinois, Respondents.

No. 93 C 7625.

United States District Court, N.D. Illinois, E.D.

April 18, 1994.

---

Charles Shepherd, pro se.

Terrence M. Madsen, Asst. Atty. Gen. & Chief Criminal Appeals Div., Illinois Attorney General's Office, Chicago, IL, for defendant.

*MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Now before the court is a petition for a writ of habeas corpus submitted by the petitioner, Charles Shepherd. Shepherd alleges that the State of Illinois violated the Sixth Amendment of the United States Constitution by denying Shepherd effective assistance of counsel. Shepherd alleges that counsel represented him ineffectively because counsel failed to object to state action which Shepherd characterizes as violative of the Fourth and Fourteenth Amendments. In addition to counsel's failure to object to perceived constitutional violations, Shepherd alleges that counsel's representation in general was ineffective and constituted a Sixth Amendment violation. For the reasons set forth below, the court finds Shepherd's arguments groundless and hereby denies his petition.

## I. STATEMENT OF FACTS

The petitioner, Charles Shepherd, was convicted of first degree murder and armed robbery. Shepherd stabbed James Clark to death, after the two of them had driven to a currency exchange where Clark cashed a check.[1] Shepherd stabbed Clark in the chest and then in the back. (Trial Transcript at 608) ("Tr. Tran."). After the killing, Shepherd returned to Clark's car, retrieved a bag of cocaine belonging to Clark and ingested it. *Id.* at 613. Shepherd confessed to the police that he killed Clark, yet he claimed that he killed him in self-defense. (Memorandum in Support of Petition for Habeas Corpus, at 7 ("Mem. in Supp.")). The jury disagreed and convicted him.

Shepherd appealed his conviction to the Illinois Appellate Court, arguing only that the state did not prove him guilty beyond a reasonable doubt. The court affirmed. (Mem. in Supp., Exhibit. C) (citing *People v. Shepherd*, 89–0673 (Ill.App.Ct. 1st Dist. Sept. 6, 1991)). He filed for post-conviction relief pursuant to the Illinois Post–Conviction Hearing Act alleging ineffective assistance of

---

1. In his memorandum, Shepherd is not clear as to whether they drove to a bank, currency exchange, or store to cash the check. (*See e.g.* Memorandum in Support of Petition for Habeas Corpus at 1, 3 ("Mem. in Supp.")). Because the location of the stabbing is not relevant for the purposes of this opinion, the court will assume it was a currency exchange.

counsel. 725 ILCS 5/122–1 (1993) (formerly Ill.Rev.Stat. ch. 38, para. 122–1 (1991)). The Illinois trial judge found the petition to be frivolous and dismissed it. *People v. Shepherd,* No. 88 CR 2647 (Ill.Cir.Ct. Nov. 7, 1991). Petitioner appealed the dismissal of this petition. (Petition for Writ of Habeas Corpus, at 3–4 ("Pet."); Mem. in Supp., Ex. E). The Illinois Appellate Court affirmed the dismissal and subsequently denied Shepherd's petition for rehearing. *People v. Shepherd,* No. 91–4025 (Ill.App.Ct. 1st Dist. May 8, 1992). Shepherd filed for leave to appeal to the Illinois Supreme Court, which denied his petition. *People v. Shepherd,* No. 738–96 (Ill.S.Ct. Oct. 7, 1992).

## II.  *DISCUSSION*

### A.  *Exhaustion*

■ An inmate must exhaust state remedies before petitioning a federal court for a writ of habeas corpus. 28 U.S.C. § 2254(b) (1988). Typically, a petitioner exhausts state remedies by presenting the claim to the highest state court. *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir.1990). From the record, it is not clear whether Shepherd appealed to the Illinois Supreme Court after the appellate court affirmed his conviction. In his petition for habeas corpus, Shepherd contends that he appealed his conviction to the Illinois Supreme Court. (Pet. at 4). Yet he does not provide any documentation substantiating this allegation. Moreover, the memorandum of one of the public defenders who represented Shepherd suggests otherwise. In her "Motion to Withdraw as Counsel under *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)", Shepherd's public defender included a "Statement of Facts" which makes no mention of the alleged appeal to the Illinois Supreme Court:

> Defendant's conviction was affirmed on direct appeal. (No. 89–0673, First District, Sixth Division) Petitioner filed a *pro se* post-conviction petition. (C. 13–26) The trial court dismissed the petition as frivolous within 30 days. (C. 12).

(Mem. in Supp., Ex. C). Had Shepherd appealed his conviction to the Illinois Supreme Court, it would seem that the public defender

would have mentioned it in her synopsis of the procedural history. Moreover, the court has been unable to locate any evidence of such an appeal.

■ However, even if Shepherd did not appeal to the Illinois Supreme Court, he has nonetheless exhausted his state remedies. A petitioner has exhausted his remedies if the time period within which the petitioner could have appealed has expired. *Gramley,* 915 F.2d at 1132. In the instant case, the Illinois Appellate Court affirmed his conviction in 1991. (Mem. in Supp., Ex. E). *Id.* To appeal to the Illinois Supreme Court, Shepherd was required to file the appeal for the affirmance of his conviction within 21 days. Ill.Sup.Ct.R. 315(b) (formerly Ill.Rev.Stat. ch. 110A ¶ 315). As Shepherd filed this petition on December 4, 1993, he has exceeded the time limit to appeal to the Illinois Supreme Court and has exhausted his remedies.

■ Furthermore, a petitioner exhausts state remedies by fairly presenting the claim to the Illinois judiciary and affording it adequate opportunity to address the merits of the claim. *United States ex rel. Partee v. Lane,* 926 F.2d 694, 699–700 and n. 3 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1230, 117 L.Ed.2d 464 (1992). A petitioner may afford the state of Illinois adequate opportunity by appealing the conviction to the Illinois Appellate Court and subsequently seeking post-conviction relief through the Illinois Supreme Court. *Farrell v. Lane,* 939 F.2d 409, 410–11 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991). In the instant case, Shepherd appealed his conviction to the Illinois Appellate Court, filed for post-conviction relief, and then appealed the dismissal of this petition to the Illinois Appellate and Supreme Courts. Under *Farrell,* Shepherd has exhausted his state remedies.

### B.  *Procedural Default*

■ In addition to exhausting all state remedies, a petitioner must avoid procedural default. *Wainwright v. Sykes,* 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508–09, 53 L.Ed.2d 594 (1977); *Gramley,* 915 F.2d at 1132. If the

petitioner neglects to raise an issue to the state, that issue is procedurally defaulted and cannot be raised in federal court. *Id.*, 97 S.Ct. at 2508–09. A recent Seventh Circuit decision governs the instant case and compels a finding that Shepherd did not procedurally default. *Jones v. Washington,* 15 F.3d 671 (7th Cir.1994). In *Jones,* the petitioner raised an issue on post-conviction review that he had not raised previously. The Seventh Circuit held that although Jones neglected to raise this issue in his direct appeals to the Illinois courts, he avoided procedural default by raising it in his post-conviction proceedings. Similarly here, Shepherd failed to raise his claims of ineffective assistance of counsel in the direct appeal of his conviction. Yet under *Jones,* he did not procedurally default because he raised it in his post-conviction petition.

## C. *The Claim that Counsel was Ineffective Because he Failed to Object to Alleged Constitutional Violations*

### 1. *Claims that Counsel Failed to Object to Violations of the Fourteenth Amendment*

Shepherd first contends[2] that the state violated his rights under the Fourteenth Amendment in its presentation before the grand jury, and counsel's performance violated the Sixth Amendment because he failed to object to this alleged constitutional violation. (Mem. in Supp. at 2, 6)[3]. It would appear that, at the grand jury proceedings, the state presented a signed statement from Pyrce Bettis in which Bettis testified that on the day of the murder, Bettis saw Shepherd with a large sum of money. *Id.* When Bettis

asked Shepherd the origin of the money, Shepherd responded that he took it from an African–American.[4] *Id.* at 2. The state argued that Shepherd stole this money from Clark, after killing him. *See id.* At trial, however, Bettis testified that he did not make these allegations. (Tr. Tran. at 447–49). He admitted that he signed the statement containing these allegations, but averred that the police had coerced him. *Id.* Thus, Shepherd argues he was deprived of effective assistance of counsel at the indictment proceedings because counsel allowed the state to present testimony from a witness who would later recant.

Shepherd also argues that the state violated his Fourteenth Amendment rights by failing to read his complete confession to the grand jury.[5] (Mem. in Supp. at 2). It seems that the state did not read the portion of Shepherd's statement in which Shepherd alleged that he acted in self-defense. In his confession, Shepherd alleged that Clark struck him and that he stabbed Clark only after he saw Clark reach inside his coat jacket. *Id.* at 3. Thus, Shepherd alleges that counsel's conduct violated the Sixth Amendment because he failed to compel the state to introduce this exculpatory evidence. Shepherd's arguments fail for a multitude of reasons.

First, the right to effective assistance of counsel derives from the Sixth Amendment right to assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 684–86, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984). Thus, a petitioner cannot claim ineffective assistance of counsel in violation of

---

2. Shepherd's *pro se* petition is frequently unclear. This court struggled at times to distill the petitioner's arguments from the petition. His language, therefore, is quoted verbatim in this opinion to assist the reader and any subsequent decision-maker.

3. Shepherd contends: "This false testimony was use [sic] during grand jury preceeding [sic] ... and sat [sic] the stage for Mr. Shepherd to be indicted.... [C]ounsel never move [sic] for a dissmissal [sic] ... after counsel had learn [sic] ... [that Mr. Bettis never told the police the information that the police attribute to him]."

4. Shepherd asserts: "The state would knowing [sic] misrepresent the truth of Mr. Bettis [sic]

statement by knowing [sic] informing the grand jury that Mr. Bettis on the day of the death of Mr. Clark which was on the 11th of Feb. 1988. [sic] He, Mr. Bettis [sic] saw Mr. Shepherd over his [sic] Bettis house with a wad of money and he [sic] Bettis ask [sic] Mr. Shepherd were [sic] did you get that money from and Mr. Shepherd said I got it off a[n] [African–American] on the street."

5. Shepherd avers: "[T]he state small inpart [sic] account came from Mr. Shepherd [sic].... Mr. Shepherd due process right and hi[s] 14th amendment right were substantial [sic] violated."

the Sixth Amendment with respect to a proceeding at which no right to counsel attaches. *Coleman v. Thompson,* 501 U.S. 722, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). It has never been thought that an individual under investigation has a right to counsel during grand jury proceedings at which the individual does not testify. *Michigan v. Harvey,* 494 U.S. 344, 352, 110 S.Ct. 1176, 1181, 108 L.Ed.2d 293 (1990) (stating that the right to counsel attaches *by virtue* of an indictment); *Patterson v. Illinois,* 487 U.S. 285, 290–91, 108 S.Ct. 2389, 2393–94, 101 L.Ed.2d 261 (1988) (stating that the right to counsel arose *once* the grand jury indicted the defendant); *Massiah v. United States,* 377 U.S. 201, 205, 84 S.Ct. 1199, 1202, 12 L.Ed.2d 246 (1964) (stating that police cannot interrogate a defendant outside the presence of counsel *"from and after* the finding of the indictment"*) (emphasis added and citation omitted). Indeed, it is highly doubtful that such a right exists even when the grand jury does, in fact, summon the individual to testify. *United States v. Williams,* —— U.S. ——, ——, 112 S.Ct. 1735, 1743, 118 L.Ed.2d 352 (1992) (the Court, speaking through Justice Scalia, stating that "[w]e have twice suggested, though not held, that the Sixth Amendment right to counsel does not attach when an individual is summoned to appear before a grand jury, even if he is the subject of the investigation", citing *United States v. Mandujano,* 425 U.S. 564, 581, 96 S.Ct. 1768, 1778, 48 L.Ed.2d 212 (1976) (plurality opinion), and *In re Groban,* 352 U.S. 330, 333, 77 S.Ct. 510, 513, 1 L.Ed.2d 376 (1957)). Thus, because no right to counsel exists under the Sixth Amendment for indictment proceedings at which the accused does not testify, Shepherd cannot claim that the state violated the Sixth Amendment by denying him effective counsel.

▮ Moreover, a criminal defendant does not have a constitutional right to present exculpatory evidence at grand jury proceedings. *Williams,* —— U.S. at —— – ——, 112 S.Ct. at 1744–45; *United States v. Stout,* 965 F.2d 340, 343–344 (7th Cir.1992). Thus, the state did not violate the Constitution by failing to read the portion of Shepherd's statement which claimed self-defense to the grand

jury or by failing to note to the grand jury that Bettis had rescinded his statement.

▮ Finally, even if the state had admitted improper evidence at the indictment proceedings, Shepherd would not be entitled to a dismissal of his conviction. A conviction will stand although the state presented the grand jury with evidence that was insufficient, hearsay, or obtained in violation of the Federal Constitution. *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974); *United States v. Murphy,* 768 F.2d 1518, 1534 (7th Cir.1985), *cert. denied,* 475 U.S. 1012, 106 S.Ct. 1188 (1986). In *Murphy,* the Seventh Circuit explained the rationale behind this rule: "Once a jury has determined guilt beyond a reasonable doubt, there is no good reason to inquire into the sufficiency of the evidence" presented at the indictment, because a jury's finding of guilt cures whatever prejudice arose at the indictment. *Murphy,* 768 F.2d at 1534. This rationale is particularly applicable to the instant case, because at trial, Shepherd's counsel presented the exculpatory evidence, the police officer to whom Shepherd confessed to the killing testified as to Shepherd's concomitant claims of self-defense, and Bettis testified that he did not make the inculpatory statements that the police attributed to him. (Tr.Tran. at 447–49; Tr.Tran. at 611–12). Thus, it is clear that the trial cured any evidentiary defects which occurred at the grand jury proceedings. Accordingly, Shepherd's contention that the state violated the Fourteenth Amendment at the indictment proceedings is devoid of merit.

### 2. *Claims that Counsel Failed to Object to Violations of the Fourth Amendment*

Shepherd also alleges he was deprived of effective assistance of counsel because counsel failed to object to the state's violation of Shepherd's rights under the Fourth Amendment. While investigating Clark's death, the police found a parking citation in the backseat of Clark's car. The ticket issued while the car was parked at the home of Sheila Shepherd, Shepherd's sister. (Mem. in

Supp. at 4).[6] The court gleans two interpretations from Shepherd's subsequent allegations with respect to the ticket. First, he seems to allege that the police did not have probable cause to question his sister after finding this ticket.[7] *Id.* Second, he alleges that the police arrested him illegally, arguing that the ticket in conjunction with the other evidence accumulated by the police did not suffice to show probable cause.[8] *Id.* at 7.

Shepherd's position under the first interpretation is frivolous. First, Fourth Amendment rights do not exist vicariously. *Rakas v. Illinois,* 439 U.S. 128, 133–34, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978); *United States v. Thompson,* 944 F.2d 1331, 1339 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1177, 117 L.Ed.2d 422 (1992). Thus, a court will suppress evidence only if the *defendant's* Fourth Amendment rights were violated. *Id.,* 439 U.S. at 133–34, 99 S.Ct. at 425; *Thompson,* 944 F.2d at 1339. Here, Shepherd alleges that the police violated Sheila Shepherd's rights under the Fourth Amendment. Even if true, such a violation has no bearing on Shepherd's case.

Second, the questioning did not constitute a seizure. An officer's conduct does not implicate a citizen's Fourth Amendment rights by simply enlisting "the citizen's voluntary cooperation through non-coercive questioning." *United States v. Adebayo,* 985 F.2d 1333, 1337–38 (7th Cir.), *cert. denied, Davis v. United States,* —— U.S. ——, 113 S.Ct. 2947, 124 L.Ed.2d 695 (1993); *United States v. Withers,* 972 F.2d 837, 841 (7th Cir.1992); *see also, Terry v. Ohio,* 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868, 1879, n. 16, 20 L.Ed.2d 889 (1968). In the instant case, the police found a parking citation bearing Sheila's address in a car owned by a homicide victim. The police requested Sheila to answer some questions regarding the victim, and she did. (*See* Mem. in Supp. at 4). This encounter simply does not constitute a seizure under the Fourth Amendment. Accordingly, Shepherd's contention must be dismissed.

The court also denies Shepherd's petition with respect to the second interpretation. In this interpretation, Shepherd seems to be arguing that the Illinois trial court should have suppressed his confession to the police because he made it after an unlawful arrest, that is, an arrest without probable cause. *See, e.g., Brown v. Illinois,* 422 U.S. 590, 591, 602–04, 95 S.Ct. 2254, 2256, 2261–62, 45 L.Ed.2d 416 (1975) (court may suppress confession if defendant confessed subsequent to an unlawful arrest).[9]

A petitioner cannot obtain relief through habeas corpus by merely reciting conclusory allegations. *McMann v. Richardson,* 397 U.S. 759, 765, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970) ("conclusory allegations . . . in no case suffice" to merit habeas relief); *Bobo v. Kolb,* 969 F.2d 391, 400 (7th Cir.1992) (petitioner must assert more than conclusory allegations to obtain habeas relief). Here, Shepherd merely alleges that the police did not have probable cause to arrest him; he does not furnish any rationale or facts to substantiate this claim. For example, Shepherd does not tell the court *when*

---

**6.** Shepherd complains: "Petitioner 6 amendment right [sic] were violated by tr[ia]l counsel under [sic] he counsel allow the state to use ticket citation allege [sic] by the state t[o] have [sic] found in Mr. Clarks [sic] car after the crime and this allege [sic] ticket had petitioner's sister [sic] name and address on it."

**7.** Shepherd argues: "Counsel [sic] ineffectiveness on petitioner [sic] behalf allow the state to use this allege [sic] ticket to show pro[b]able cause to go over [sic] Ms. Shepherd [sic] house and then this pro[b]able cause allow [the police] to question Ms. Shepherd. . . ."

**8.** Shepherd attests: "The state would i[m]properly introduce a ticket citation found in Mr. Clark

[sic] car [sic] the name and address on the ticket was petitioner's sister. [T]his ticket was use [sic] by the state at tr[ia]l to show pro[b]able cause to arrest petitioner. . . ."

**9.** The inquiry into probable cause arises only if the officer arrests the defendant without a valid warrant. *E.g., California v. Acevedo,* 500 U.S. 565, 567–73, 111 S.Ct. 1982, 1985–87, 114 L.Ed.2d 619 (1991) (reviewing previous Supreme Court cases and discussing what degree of evidence constitutes probable cause and consequently, allows police to conduct a warrantless search). Because Shepherd alleges the police did not have probable cause to arrest him, the court assumes that Shepherd alleges that the police did not have a warrant when they arrested him.

the police arrested him. Thus, it is unclear whether Shepherd admitted to stabbing Clark before or after his arrest. The time at which the police learned this information is critical, as police certainly have probable cause to arrest an individual who confesses to the crime. *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980) (police have probable cause to arrest a defendant who confesses to owning the drugs contained in another's purse); *United States v. Fountain*, 2 F.3d 656, 661 (6th Cir.1993) (police have probable cause to arrest one who confesses to handling illegal firearms). By merely intimating in a conclusory fashion that the police did not have probable cause to arrest him and by failing to substantiate such a conclusion with any facts, Shepherd has failed to sustain his burden.

Moreover, Shepherd himself contradicts the contention that he was arrested without probable cause. Shepherd begins his memorandum by asserting, "[p]etitioner turned himself into the police and petitioner gave a statement detailing all the events that lead to the unintentional death of Mr. Clark." (Mem. in Supp. at 1). Because Shepherd contends that he turned himself in to police and confessed to the crime, he contradicts his later statement that the police came after him and arrested him without probable cause. *Id.* at 7. Interestingly enough, Shepherd also alleges that the police arrested him pursuant to a warrant.[10] *Id.* at 4. Thus, in an eight-page memorandum, Shepherd alleges that he turned himself in, that the police arrested him pursuant to a warrant and that the police arrested him without a warrant. If a petitioner cannot claim relief through habeas corpus by making conclusory allegations, *McMann*, 397 U.S. at 765, 90 S.Ct. at 1441, *Bobo*, 969 F.2d at 400, then contradictory claims certainly do not suffice. The court, therefore, is unable to credit a self-contradicting habeas petition and conclude that the police lacked probable cause to arrest Shepherd. Because Shepherd has failed to demonstrate that he could prove that the police arrested him without probable cause, he cannot prove that counsel represented him inef-

fectively by neglecting to raise this issue. Accordingly, the part of his petition alleging ineffective assistance of counsel with respect to the constitutional claims is hereby dismissed.

### D. *Claim that Counsel was Ineffective in General*

■ Shepherd also alleges that counsel represented him incompetently in general and this deficient representation rose to the level of a Sixth Amendment violation. To establish a Sixth Amendment violation, the petitioner must demonstrate that trial counsel's representation was deficient and the petitioner suffered prejudice. *Lockhart v. Fretwell*, —— U.S. ——, ——, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). To demonstrate prejudice, the petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id. see also, Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *United States v. Acevedo*, 891 F.2d 607, 610 (7th Cir.1989). A court must be highly deferential in reviewing counsel's choice of trial strategy. *United States v. Hirschberg*, 988 F.2d 1509, 1513 (7th Cir. 1993); *Partee*, 926 F.2d at 700.

■ Shepherd first alleges that counsel erred by failing to call a woman named "Mary" to testify. (Affidavit of Charles Shepherd). Mary could testify that she saw "petitioner and Mr. Clark fighting on the day of the crime." (Mem. in Supp. at 6; *see also, id.* at 4). The court reminds the petitioner that he claims he killed Clark either unintentionally or in self-defense. *Id.* at 1, 7. Had Mary testified that she witnessed the victim and the killer fighting on the day of the stabbing, the jury easily could have concluded that Shepherd harbored some kind of animus for Clark; physical battering of another human being can evince a disdain for that person. *See People v. Lopez*, 228 Ill. App.3d 1061, 1077–78, 170 Ill.Dec. 758, 769, 593 N.E.2d 647, 658 (1st Dist.1992). As such, evidence of the defendant's animus or hostility towards the victim can work to *negate* an

---

**10.** Shepherd explains: "[T]hat after the police spoke to his sister and Bettis, "from this warrant in allege to be place[d] on petitioner/ [sic] Coun-

sel fail [sic] to ask [the detective] on cross ex. [sic] what information did [he] submitte [sic] to get this warrant."

inference that the defendant killed the victim either unintentionally or in self-defense. *People v. Lucas,* 132 Ill.2d 399, 427, 139 Ill.Dec. 447, 458, 548 N.E.2d 1003, 1014 (1989); *United States v. Fountain,* 768 F.2d 790, 797 (7th Cir.1985), *cert. denied,* 475 U.S. 1124, 106 S.Ct. 1647, 90 L.Ed.2d 191 (1986). Given the wide latitude afforded to counsel's choice of trial strategy, *Hirschberg,* 988 F.2d at 1513, *Partee,* 926 F.2d at 700, the court finds that counsel did not commit constitutional error by choosing not to call a witness who could jeopardize Shepherd's claim of unintentional killing.

Shepherd's second contention is equally frivolous. He faults his attorney for not presenting evidence that *Clark* asked Shepherd where he could cash his check. Shepherd seems to allege that this evidence demonstrates that Clark initiated the trip to the currency exchange, and consequently, shows that Shepherd did not *plan* to lure Clark to the exchange where Shepherd would kill and rob him.[11] (Mem. in Supp. at 1–2).

■ Yet Shepherd seems to be under the mistaken impression that whether or not he *planned* to kill and to rob Clark is relevant to his conviction for first degree murder. In Illinois, premeditation is not an element of first degree murder. 720 ILCS 5/9–1 (formerly ILL.REV.STAT. ch. 38, para. 9–1). Therefore, because premeditation is not an element of first degree murder, Shepherd's counsel did not err by neglecting to present evidence that Shepherd did not plan the killing.

■ Finally, Shepherd seems to allege that counsel erred by failing to proffer a voluntary intoxication defense.[12] (*See* Mem. in Supp. at 5). Shepherd could not possibly have established such a defense. First, a defendant must show that the intoxication was so extreme as to suspend all reason and thereby preclude forming the requisite intent. *People v. Madej,* 106 Ill.2d 201, 216, 88 Ill.Dec. 77, 83, 478 N.E.2d 392, 398, *cert.*

*denied,* 474 U.S. 935, 106 S.Ct. 268, 88 L.Ed.2d 274 (1985); *Gramley,* 915 F.2d at 1135 (setting out Illinois law). First, it is questionable whether Shepherd's intoxication was "extreme." After killing Clark, Shepherd retrieved Clark's cocaine and induced it. Shepherd's intoxication was not so extreme as to prevent him from getting more intoxicated. Thus, it stands to reason that his intoxication was not so extreme as to excuse him from homicide.

Second, intoxication does not suspend all power of reason if the defendant acted with any purpose. *People v. Roesler,* 195 Ill. App.3d 1007, 1013, 142 Ill.Dec. 501, 505, 552 N.E.2d 1242, 1246 (5th Dist.), *appeal denied,* 133 Ill.2d 568, 149 Ill.Dec. 332, 561 N.E.2d 702 (1990); *People v. Terry,* 154 Ill.App.3d 162, 166, 107 Ill.Dec. 43, 506 N.E.2d 786, 789 (4th Dist.1987); *Gramley,* 915 F.2d at 1135. Here, Shepherd acted with a purpose. Immediately after killing Clark, he stole his money and his drugs.

■ Further, a defendant may not rely on the defense of involuntary intoxication if the defendant remembers the crime. *Madej,* 106 Ill.2d at 216–17, 88 Ill.Dec. at 83–84, 478 N.E.2d at 398–99; *People v. Riddle,* 175 Ill. App.3d 85, 90, 124 Ill.Dec. 732, 735, 529 N.E.2d 713, 716 (1st Dist.1988); *Gramley,* 915 F.2d at 1135. In his memorandum, Shepherd consistently demonstrates his ability to recall the incident. (Mem. in Supp. at 2) (stating three times that the events causing Clark's death started at 7:20 and ended at 7:25); *id.* at 3, 7 (alleging that Shepherd stabbed Clark after Clark hit him and after Shepherd saw Clark reach into his coat pocket); *id.* at 1, 3 (stressing that on the night of the murder, Clark asked Shepherd where he could cash his check). Moreover, Shepherd never contends that the confession he gave to police is inaccurate. By making this statement to police and by describing the event, Shepherd, of course, implicitly admitted that he remembered it.

---

11. Shepherd maintains that "it was Mr. Clark who ask [sic] about going to get his check cash [sic] …" and he accuses the state of falsely telling the grand jury that Shepherd "ask[ed] Mr. Clark to drive to location were [sic] petitioner had plan [sic] to rob Mr. Clark."

12. Shepherd admits to inducing cocaine before the killing and then states: "Petitioner was derile [sic] his right to effective counsel by counsel not bring [sic] into court a [sic] independent expert to court, a[n] expert in the field of cocaine being a violent type of drug."

**1388**

Shepherd has failed to demonstrate that he could prove ineffective representation, because he cannot show that counsel's performance was deficient. Thus, his petition with respect to the claim of ineffective assistance of counsel in general is hereby dismissed.

## CONCLUSION

For the reasons set forth above, the court denies Shepherd's petition for habeas corpus.